201 So.2d 705 (1967)
The TRAVELERS INDEMNITY COMPANY, a Corporation, Petitioner,
v.
Norma Williams JOHNSON, Respondent.
No. 35898.
Supreme Court of Florida.
June 7, 1967.
Rehearing Denied June 30, 1967.
George Stelljes, Jr., of Marks, Gray, Yates, Conroy & Gibbs, Jacksonville, for petitioner.
William B. Dawson, III, and Gerald R. Hart, Jacksonville, for respondent.
THOMAS, Justice.
This suit for declaratory decree was commenced by Travelers against Norma Williams Johnson to secure a declaratory decree defining petitioner's, Travelers, obligation, if any, to respondent, Johnson. Travelers had issued a policy with uninsured motorist coverage to one Delta Stewart. It was while Johnson was operating the Stewart automobile that an accident occurred when the car and an uninsured one driven by one Louise Taylor collided. Johnson who was injured in the mishap averred a claim against Travelers. Because of the claim and the requirement in the policy that written notice of injury be given, the declaratory decree was sought.
Upon denial of a motion to dismiss, the defendant filed an assortment of defenses. After testimony was taken the circuit court entered a decree favoring Travelers.
When the case reached the District Court of Appeal, First District, the decree was reversed because of the view that the dispute was one purely of fact and not a construction of the policy itself. Sufficiency or insufficiency of the notice to Travelers as required by the policy, said the appellate court, was the only issue involved and such was "not within the purview of the Declaratory Judgment Statute." Authorities cited for the conclusion were the decision of this court in Columbia Casualty Co. v. Zimmerman, 62 So.2d 338 (Fla. 1952), and the decision of the District Court of Appeal, Third District, in Johnson v. Atlantic National Insurance Co., 155 So.2d 886 (Fla.App. 1963).
The controversy reached this court on the assertion by Travelers that the decision of the District Court of Appeal collided with decisions of the District Court of Appeal, Third District, in the cases of Millers Mutual Fire Insurance Co. of Texas v. American Fidelity Fire Ins. Co., *706 178 So.2d 742 (Fla.App. 1965), and Bacon v. Crespi, 141 So.2d 823 (Fla.App. 1962).
Our study of the pronouncements of this court and of the Third District Court of Appeal leads us to the view that there is sufficient disharmony between the two decisions of the District Court on the one hand and Columbia, supra, on the other hand to vest jurisdiction here.
This attitude recalls our commitment to the rule that once we assume jurisdiction of a cause, we will settle all phases of it, Tyus v. Apalachicola Northern Railroad Co., 130 So.2d 580 (Fla. 1961). However, the immediate controversy cannot be so simply resolved. The chancellor disposed of all facets which involved a determination of the facts with reference to notice to the insurer. The District Court of Appeal held that the circumstances did not justify resort to a proceeding for declaratory decree inasmuch as the whole argument sprang from interpretation of facts as distinguished from a construction of the insurance contract. So the declaratory decree was reversed and the cause remanded. We think this was done in obedience to our ruling in Columbia, supra, to which we adhere.
The attorney for the petitioner in his brief tells us with admirable candor that he just does not agree with our decision in Columbia, supra, and likes the dissenting opinion of the late Justice Glenn Terrell so much better. Indeed, he quotes from it at great length. Much as we revere our late lamented colleague, the cold fact remains that his dissent was his own and in no way affected the judgment entered in the case.
Now if we adhered strictly to the rule that once we assumed jurisdiction of a case we would dispose of all features of it, we would be in a peculiar situation. We would at once hold that the District Court of Appeal was correct when it held that the procedure followed was inappropriate and that the circuit court should be reversed for passing on the facts, and that we would pass on them nonetheless. The ruling, sound as it seems to us in most instances, does not logically fit the present situation.
So we can but state our adherence to Columbia, supra, and discharge the writ.
THORNAL, C.J., and ROBERTS, CALDWELL and ERVIN, JJ., concur.