PEARSON, Judge.
The appellant filed a complaint seeking a declaration that it was not liable to the appellee under an insurance policy because the appellee failed to promptly give notice of claim. Subsequently, the appellant recognized that its complaint could not be sustained under the law of this state as set forth by the Supreme Court in Travelers Indemnity Company v. Johnson, Fla.1967, 201 So.2d 705. Thereafter the appellant amended its complaint to seek relief by way of permanent''injunction against .the prosecution of arbitration proceedings which had been begun by the appellee pursuant to the terms of the policy. See § 682.03, Fla. Stat., F.S.A. The trial judge dismissed the amended complaint, and this appeal followed.
We hold that the appellant may not do indirectly what it is forbidden to do directly. If determination of the issue of liability turns on the determination of an issue of fact, the issue of fact must be determined in a proceeding in a court of law. As set forth in Bergh v. Canadian Universal Insurance Company, Fla.1969, 216 So.2d 436, 441:
“ * * * this will permit the parties in a proper case to submit the factual issues in a proper trial forum which may require a jury determination concerning whether the Respondent is absolved from liability * * *
Affirmed.