231 So.2d 548 (1970)
INSURANCE COMPANY OF NORTH AMERICA, a Corporation, Appellant,
v.
Willie Mae STRAUSS and Bertie Strauss, Appellees.
No. 69-441.
District Court of Appeal of Florida, Second District.
February 13, 1970.
Rehearing Denied March 12, 1970.
Charles F. Clark, of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellant.
*549 Joe R. Young, Jr., of Bradley, Johnson, Nelson & Young, Lake Wales, for appellees.
McNULTY, Judge.
This is an interlocutory appeal from a partial summary judgment entered in favor of plaintiffs-appellees on an uninsured motorist provision of their policy of liability insurance issued by appellant.
While the aforesaid policy was in force, appellees were involved in an automobile accident for which the alleged tort-feasor, at the time of the accident, was himself covered by liability insurance. More than one year after the accident, however, and before plaintiffs-appellees could perfect or enforce any claim against the tort-feasor or his insurer, the insurer was adjudicated insolvent, thus bringing into play the provisions of § 627.0851, F.S.A. Subsection (1) of this section requires that every liability insurance policy issued in this state must include a prescribed minimum amount of "uninsured motor vehicle" coverage, unless expressly rejected by the insured. Subsection (2) of the aforesaid § 627.0851, F.S.A., defines "uninsured motor vehicle", providing as follows:
"For the purposes of this coverage the term `uninsured motor vehicle' shall, subject to the terms and conditions of such coverage, be deemed to include an insured motor vehicle where the liability insurer thereof is unable to make payment with respect to the legal liability of its insured within the limits specified therein because of insolvency."
So this subsection expands, by definition, an "uninsured motor vehicle" to include one which is covered by liability insurance at the time of the accident, but against the insurer of which a claim is uncollectable because of the subsequent insolvency of such insurer. This protection is called "insolvency protection" by subsection (3) of the same statute, which provides as follows:
"An insurer's insolvency protection shall be applicable only to accidents occurring during a policy period in which its insured's uninsured motorist coverage is in effect where the liability insurer of the tort-feasor becomes insolvent within one year after such an accident. Nothing herein contained shall be construed to prevent any insurer from affording insolvency protection under terms and conditions more favorable to its insureds than is provided hereunder." (Emphasis supplied.)
It is to be noted at this point that the policy in this case is silent altogether as to any provisions relating to insolvency protection; therefore the proviso in the last sentence of subsection (3), above, is inapplicable, and nothing in the policy can be construed to afford "more favorable" coverage to appellees.
Considering, then, the terms of § 627.0851, F.S.A., which are incorporated into every insurance policy to which they relate, the trial judge determined that the one-year provision of subsection (3) thereof, relating to insolvency of the tort-feasor's insurer, did not impose a limitation on the time within which appellant could be liable under the policy. Accordingly, and notwithstanding that it was undisputed in the summary judgment proceedings that the tort-feasor's insurer was not adjudicated insolvent until more than one year after the accident, the trial judge entered a summary judgment against appellant on this point and this appeal ensued. We reverse.
We are of the view that the obvious intent of the legislature in enacting § 627.0851, F.S.A., was to impose a minimum area of coverage in the uninsured motorist tort situation. This coverage includes the insolvency protection noted above. The proviso in subsection (3) of the statute relating to "more favorable" coverage merely suggests that the insurer may, by the terms of its policy, offer a wider area of coverage in such uninsured motorist situations than that prescribed therein as the *550 minimum. But at the same time, by its very nature, the minimum coverage required also operates as a limitation of an insured's exposure thereunder in the absence of a wider contractual limitation.
Here, the policy issued by the appellant did not provide for "more favorable" coverage. Therefore, appellant is bound only to the minimum extent required by the statute; i.e., it is liable only on a claim arising out of an accident, occurring while the policy was in force, in which the tort-feasor is uninsured or, if insured, where his insurer "becomes insolvent within one year after such an accident." Summary judgment in favor of the plaintiffs-appellees, and predicated on the ground that the one-year provision of the statute was not a limitation of exposure of appellant herein, was therefore error.
Reversed.
PIERCE, Acting C.J., and MANN, J., concur.