SWANN, Judge,
Adele Fredel was involved in an accident with a third party on January 25, 1967. The third party was insured by National Service Fire Insurance Company, a Tennessee Corporation authorized to do business in Florida. Fredel’s claim against National was unsuccessful and she sought recovery for her losses, under the uninsured motorists coverage provided by the policy with her insurer, Southern General Insurance Company. Southern denied coverage and ultimately filed suit against Fre-del for declaratory judgment and other relief.
Fredel’s motion to dismiss the complaint was denied and she filed her answer. Both parties moved for summary judgments and final summary judgment was rendered for the insurance company. Fredel has appealed.
She argues that the trial court erred in denying her motion to dismiss because the complaint showed on its face that there were no disputed issues concerning the construction of the insurance policy. While the complaint was not a model of draftsmanship, it appears to allege suffi *452 cient doubt and uncertainty concerning the rights, duties, powers and obligations of the insurer under the insurance policy, as affected by the statutes of Florida, to withstand the motion to dismiss. We do not find that reversible error was made by the denial of the motion to dismiss the complaint.
Both parties concede that they agreed below that a summary judgment should be granted to one or the other.
Fla.Stat. 627.0851(3), F.S.A. provides:
“(3) An insurer’s insolvency protection shall be applicable only to accidents occurring during a policy period in which its insured’s uninsured motorist coverage is in effect where the liability insurer of the tort-feasor becomes insolvent within one year after such an accident. * * ” (Emphasis added)
The carrier for the third party, National, was adjudicated insolvent by a court in Tennessee on June 28, 1968, and by the Circuit Court in Leon County, Florida on August 7, 1968. Both dates were more than one year after the accident of January 25, 1967.
Fredel filed, in opposition to these facts, an affidavit from a special deputy commission from the Department of Insurance and Banking in Tennessee.
Essentially, the affidavit said:
“That effective on April 29, 1968, the Department of Insurance and Banking, State of Tennessee, took the position that National Service Fire Insurance Company was insolvent as of December 31, 1967. That on June 12, 1968, the Chancery Court of Davidson County, at Nashville, Tennessee, issued an Order of Conservatorship, which was followed by the Order of Receivership on June 28, 1968, whereby David M. Pack, Commissioner of Insurance and Banking, was appointed Receiver. That a cease and desist order was issued and effective on June 12, 1968.”
In Insurance Company of North America v. Willie Mae Strauss and Bertie Strauss, Fla.App.1970, 231 So.2d 548, Judge McNulty held that an insurer “is liable only on a claim arising out of an accident, occurring while the policy was in force, in which the tort-feasor is uninsured or, if insured, where his insurer ‘becomes insolvent within one year after such an accident.’ ”
The argument is advanced that our statute does not require a judicial determination of insolvency, but only requires that the insurer become insolvent within one year after the accident. The question of the actual time that the insurance company becomes insolvent is claimed to be a factual determination. We agree that the language of the statute might be more specific as to the determination of the time when an insurer becomes insolvent and commend this situation to the legislature for further study and possible action.
The actual date of insolvency of insurance companies might also be resolved by a trial court adjudicating the date on which it finds that such companies become insolvent in its final decree.
The record before us, however, demonstrates that on April 12, 1968, the department of Tennessee “took the position” that National was insolvent as of December 31, 1967. It was not until June 12, 1968, that a cease and desist order and an order of conservatorship were issued followed by an order of receivership on June 28, 1968.
Under these facts and circumstances we have two adjudications of the insolvency of National by courts of competent jurisdiction on dates more than one year after the accident in opposition to which there is only an affidavit that the insurance department of Tennessee “took the position that the insurer was insolvent on December 31, 1967.”
The affidavit does not state that the insurer became, or was, insolvent on that *453 date and was insufficient to withstand the motion for summary final judgment.
The summary final judgment for the insurer is, therefore,
Affirmed.