**M. J. CLINE, individually and as Executor under the will of Elvira J. Cline, Deceased, Plaintiff,**

**v.**

**AETNA INSURANCE COMPANY, a corporation, Defendant.**

**Civ. A. No. 4819-67-T.**

United States District Court,
S. D. Alabama, S. D.

Oct. 13, 1970.

**1230**

Robert E. Gibney and Vincent F. Kilborn, Kilborn, Darby & Kilborn, Mobile, Ala., for plaintiff.

John D. Richardson, III, Mobile, Ala., for defendant.

## ORDER

DANIEL HOLCOMBE THOMAS, Chief Judge.

This matter comes before the Court on cross-motions for summary judgment and a motion to dismiss filed by defendant on April 23, 1970 and taken under submission after oral argument on April 23, 1970.

The following facts are conceded by both parties: Plaintiff's wife was killed in an automobile accident involving the deceased and an uninsured motorist. The automobile which plaintiff's wife was driving was insured by the defendant insurance company. The policy extended bodily injury liability coverage of $100,000 per person, $200,000 per accident. The policy was renewed after the passage of Alabama's Uninsured Motorist Act [T. 36, § 74(62a) Code of Alabama, 1940 (Recomp.1958)], but no provision was made for such coverage. By operation of law, uninsured motorist coverage was extended to the deceased.

The main question before the Court is whether the amount of coverage is the same as the coverage for bodily injury liability, $100,000, or the minimum amount required by the Statute, $10,000.

The defendant attacks the jurisdiction of this Court claiming that the jurisdictional amount required by Title 28, § 1332, U.S.C. is lacking. The court concludes that the plaintiff is claiming in "good faith" a sum in excess of jurisdictional amount and that a substantial legal issue is raised by the claim. The general federal rule is that, given such facts as the court has found exist, assumption of jurisdiction is justified. See Horton v. Liberty Mutual Insurance Co., 367 U.S. 348, 81 S.Ct. 1570, 6 L.Ed.

2d 890, (1961); Gillentine v. McKeand, 1 Cir., 426 F.2d 717 (1970).

■ The defendant further contends that plaintiff's claim must be submitted to arbitration because "by operation of [Alabama's] law, the [defendant's] uninsured motorists endorsement was included in the policy of insurance issued by defendant to the plaintiff." The defendant insurance company therefore contends that *all* the *terms* of its endorsement are incorporated in the Alabama statute. The Court feels this novel theory is untenable. The *only* thing required by the Alabama statute is uninsured motorist protection in the minimum amount of $10,000. Arbitration provisions are neither required nor prohibited. The constitutionality of arbitration requirements such as those sought by the defendant is unclear in Alabama, but the question is not presented to this Court as no contractual requirement for arbitration exists in this case.

The defendant also claims that this action is barred because the plaintiff failed to get a judgment against the uninsured motorist and the statute of limitations therefore bars his legal right to recover from the uninsured motorist.

The defendant states that its uninsured motorist endorsement agrees to pay only "sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile." Fortunately, the Alabama statute contains similar language. The plaintiff counters that his cause of action against the insurance company is one for wrongful death, which action was filed prior to the expiration of Statute of Limitations. The plaintiff relies on a line of Florida cases which do hold that the proper action against the insurance company is wrongful death. The Florida decisions must be discarded because they are based on the fact that under the Florida Wrongful Death Statute, § 768.-02 Fla.Stat., F.S.A., a wrongful death action cannot be maintained by the legal representative of the deceased's estate, if at the time of death, the deceased had a living spouse or other dependents. The right is possessed only by her or the other dependents. The Florida appellate court in Zeagler v. Commercial Union Insurance Co. of N. Y., 166 So.2d 616 (1964), argued as follows:

"Insurance policies are generally construed liberally in favor of coverage. * * * The purpose of the wrongful death provision is obviously to protect the insured's family. Under appellee's theory, the plaintiff-appellant cannot maintain an action even though [she is] a surviving spouse, and contends that only a legal representative could prosecute same. To follow this reasoning to a logical conclusion, if all classes, enumerated in § 768.02, Fla.Stat., F.S.A. were deceased at the time of the wrongful death, then the claim would revert to the legal representative, which, in effect, would permit collection only subsequent to all the prior classes referred to in the statute (for whose benefit same was enacted) had become extinct. We refuse to adopt this reasoning and specifically hold the surviving spouse has a right to recover for the wrongful death of the insured which was occasioned by the wrongful activity of an uninsured motorist."

■ The *Alabama* statute on the other hand is designed "to punish negligent, wanton or intentional acts causing the death of a person." Lankford v. Mong, 283 Ala. 24, 214 So.2d 301 (1968). It can safely be assumed that the Alabama legislature had no intention of punishing insurance companies when it passed the uninsured motorist act. The Act itself states that the coverage is required " * * * for the protection of persons insured thereunder. * * *" Title 36, § 74(62a), Code of Alabama, 1940 (Recomp.1958). This court therefore concludes that the plaintiff's cause of action is not for wrongful death, but is an *ex contractu* action. This still does not completely resolve the question of Statute of Limitations. Must the insured recover a judgment against the uninsured motorist

before making a claim against the insurance company? The Alabama Supreme Court in Gulf American Fire and Casualty Company v. Gowan, 283 Ala. 480, 218 So.2d 688 (1969) implied that it was unnecessary. The specific question before that Court was whether a judgment against an uninsured motorist was conclusive against the insurer. (There was a clause in the uninsured motorist endorsement requiring that the insured obtain written consent from the insurer to sue the uninsured motorist before any judgment would be conclusive.) The Court ruled that the clause was valid and a judgment against the insurer was not conclusive absent the insurer's written consent. The Alabama Supreme Court is saying that the insurer is able to assert that the insured was contributorily negligent or solely responsible for the accident although this very fact may have already been determined by another court. If this is true, judicial economy would dictate a single trial with the insurer as the defendant in a suit on the contract. The defenses available to the insurer include the uninsured motorist's liability, the insurance status of the uninsured motorist, the damages to the insured and the coverage to which the insured is entitled. The insurer may also bring the uninsured motorist into the case as a third-party defendant. The Court therefore concludes that a judgment in an *ex delicto* action brought by the insured against the uninsured motorist is not a condition precedent to an *ex contractu* action against the insurer. Accordingly the plaintiff is well within the six year Statute of Limitations. [Title 7, § 21, Code of Alabama, 1940 (1958 Recomp.)].

■ This returns us to the main question before the court—the extent of defendant's coverage. Both parties admit that there is some coverage against uninsured motorists. Plaintiff contends that since the insurer did not specify what the extent of coverage was by issuing an endorsement, the coverage was the same as the plaintiff's bodily injury coverage (i. e. $100,000–$200,000). The defendant claims that the statute required a minimum of $10,000–$20,000 and that absent any contractual arrangements to the contrary, that is also the maximum coverage required by the statute. The Alabama Supreme Court is silent on this issue. As the plaintiff has pointed out, the Florida's Uninsured Motorist Act is strikingly similar to Alabama's and fortunately the Florida appellate courts have not been silent. In Insurance Company of North America v. Strauss, 231 So.2d 548 (1970), the Second District Court of Appeals of Florida decided a case much like the case before the Court. The tort feasor was insured but his insurer became insolvent before the plaintiff recovered his damages. The Florida statute (§ 627.0851 Fla.Stat., F.S.A.) defines uninsured motorist as including a driver whose insurer is "unable to make payment with respect to the legal liability of its insured within the limits specified * * * because of insolvency." There was no insolvency protection in the plaintiff's policy. It is unclear from the decision what the maximum amount of coverage was on plaintiff's bodily injury liability policy, but the Court held the following:

"We are of the view that the obvious intent of the legislature in enacting § 627.0851, F.S.A. was to impose a minimum area of coverage in the uninsured motorist tort situation."

The Florida statute noted above included the following language:

"Nothing herein contained shall be construed to prevent any insurer from affording insolvency protection under terms and conditions more favorable to its insureds than is provided hereunder."

While this language is not contained in the Alabama statute, the Court feels that it is certainly reasonable to assume that the Alabama legislature intended that meaning.

The Florida court in Insurance Co. of No. America v. Strauss (supra), continued that this language "merely suggests that the insurer *may*, by the terms of its

policy, offer a wider area of coverage * * * than that prescribed therein as the minimum. But, at the same time, by its very nature, the minimum coverage required also operates as a limitation of an uninsured's exposure thereunder in the absence of a wider contractual limitation."

The Fifth Circuit Court of Appeals in Chandler v. Government Employees Insurance Company, 342 F.2d 420 (5 Cir. 1965) concluded:

"that the public policy of the state of Florida, in providing (Uninsured motorist) protection, was to afford the public generally the same protection that it would have had if the uninsured motorist had carried the minimum of $10,000 and $20,000 limits as public liability coverage."

Therefore,

It is ordered, adjudged, and decreed that the motion to dismiss filed by the defendant should be and is hereby denied.

It is further ordered, adjudged, and decreed that the motion for Summary Judgment filed by the defendant is granted as to the maximum amount of coverage to which the plaintiff is entitled and is denied as to the request for arbitration and as to the assertion of the Statute of Limitations as a bar to this action.

It is further ordered, adjudged, and decreed that the motion for Summary Judgment filed by the plaintiff is granted as follows:

1. The plaintiff has the right to maintain this action as the executor of his wife's estate.

2. The plaintiff's claim is not subject to arbitration.

3. The Statute of Limitations as to insurance contracts is applicable to plaintiff's claim.

4. The limit of the defendant's liability is $10,000.

It is further ordered, adjudged, and decreed that a hearing be set to determine the liability of the uninsured motorist and the extent of damages, if any.