243 So.2d 223 (1971)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,
v.
Henry P. FASS, Appellee.
No. 70-490.
District Court of Appeal of Florida, Second District.
January 22, 1971.
*224 David J. Williams, of Langston & Massey, Lakeland, for appellant.
Joe R. Young, Jr., of Bradley, Johnson, Nelson, Young & Horton, Lake Wales, for appellee.
MANN, Judge.
In Insurance Company of North America, Inc. v. Strauss, Fla.App. 1970, 231 So.2d 548, we reversed a summary judgment predicated on the finding that the limitation of one year in the statute regulating uninsured motorist coverage was inoperative. Here the adjudication of insolvency occurred more than a year after the accident, but the plaintiff alleged and proved by competent substantial evidence that the tort-feasor's insurer was insolvent as a matter of fact less than a year after the accident. We hold, as dicta in Fredel v. Southern General Insurance Co., Fla. App. 1970, 233 So.2d 451, suggest, that this question is open to proof. This is the reasonable interpretation of the language of the statute which provides that coverage is applicable "where the liability insurer of the tort-feasor becomes insolvent within one year after such an accident." Fla. Stat. § 627.0851 (1969), F.S.A. Obviously becoming insolvent precedes adjudication of insolvency. See Fla. Stat. c. 631 (1969), F.S.A. The tort-feasor's insurer was found to be insolvent on testimony of the State's examiner, and this evidence is sufficient to warrant a finding of insolvency as of the anniversary of the accident although an adjuster testified that the company paid several small claims and his fees for several months thereafter.
Appellant next claims that the plaintiff, in an action against his own carrier predicated on uninsured motorist coverage, must prove that he was not guilty of contributory negligence. Its theory is that the action is contractual and the rule governing tort actions does not apply. We disagree. The action differs from that which he would normally prosecute against the tort-feasor in that he must first prove the contract and then his tort claim, which becomes an element of his contractual right. The proof of that tort claim against the uninsured motorist proceeds with the same burdens of proof as if it were filed as an action in tort. If appellant's point were well taken the plaintiff would have to negate all potential affirmative defenses, which would make a cumbersome proceeding out of a simple one. See Fla.R.C.P. 1.110(d), 30 F.S.A.
Affirmed.
PIERCE, C.J., and HOBSON, J., concur.