PER CURIAM.
Appellant seeks review of an adverse summary final judgment entered in a declaratory judgment action, whereby the ap-pellees sought a declaration of their rights under an automobile insurance policy issued by the appellant.
The appellees were involved in an accident with an automobile driven by one Karpf. Karpf was allegedly at fault. He was insured by the Main Insurance Company. Thereafter, Karpf’s insurer became insolvent. The appellees filed the instant action seeking a determination of their right to recover for said accident under the uninsured motorist coverage of their automobile insurance policy, issued by State Farm Mutual Automobile Insurance Company. The appellant answered and raised as an affirmative defense that the Florida Insurance Guaranty Association,[1] rather than the appellant, was liable on the claim. The appellees moved for a summary judgment and attorney fees. After hearing, the trial court granted both and entered the summary final judgment appealed herein.
The appellant contends that the trial court erred in entering the summary final judgment appealed, on the ground that pursuant to § 627.727(4), Fla.Stat., F.S.A., the appellees must present their claim to the Florida Insurance Guaranty Association upon the tortfeasor’s insurer becoming insolvent. We disagree.
§ 627.727(4), Fla.Stat., F.S.A., does not apply in the instant case, as the appellees arc not making a claim against an insolvent insurer but are making a claim against their own uninsured motorist carrier who is, in fact, solvent. Pursuant to law, State Farm offered uninsured motorist coverage to its insured for an additional premium. This was accepted by the appel-lees, who elected to secure the coverage and paid an additional premium. They should not be put to the task of seeking relief against the Association; they are entitled to certain rights under their policy, to wit: the right of arbitration, which is not available in an action against the Association. Further, if they are entitled to recover under their policy they may recover the total amount of their claim up to its limits. Whereas, in an action against the Association the claimant must absorb the first $100.00 of loss.
Therefore, we affirm the action of the trial judge here under review.
Affirmed.

. Ch. 631, part II, Fla.Stat., F.S.A.