CROSS, Judge.
Appellant-defendant, Liberty Mutual Insurance Company, appeals a final judgment entered in favor of the appellees-plaintiffs in a cause of action seeking recovery under the uninsured motorist provision of an automobile insurance policy issued by Liberty Mutual to Grover Davis Smith. We reverse.
The controlling facts in this case were stipulated to by all parties and may be summarized as follows. Appellant-defendant, Liberty Mutual Insurance Company, issued an automobile liability insurance policy on May 13, 1970 covering an automobile owned by Grover Davis Smith. A standard uninsured motorist provision to the extent of $20,000 coverage for each accident was contained in the Liberty Mutual policy. The policy was in full force and effect at all times relevant to this cause.
On January 7, 1971, Smith, M. T. Clay, Vauck K. Scott, Fred D. Clay, and Irma J. Clay were driving in the Smith vehicle when it collided with another vehicle negligently operated by Jose L. Fernandez. As a result of the accident Smith, Fred D. Clay and Irma J. Clay were killed. Scott and Clay sustained serious injuries.
The Fernandez vehicle was insured by State Farm Insurance Company. The State Farm policy contained the minimum limits of public liability coverage as required by Section 324.021(7), Florida’s Financial Responsibility Law, to-wit, $10,000 per person and a maximum of $20,000 for each accident. State Farm offered in settlement the entire $20,000 of insurance available pursuant to its contract of insurance. The offer was accepted by the plaintiffs in this case, M. T. Clay, Scott, and the estates of Smith, Fred D. Clay and Irma J. Clay. The recovery from State Farm was distributed as follows: $5500 to Smith’s estate, $4500 to Fred D. Clay’s estate, $3500 to Irma J. Clay’s estate, $4500 to M. T. Clay and $2000 to Scott.
Thereafter the plaintiffs made claims against Liberty Mutual under the uninsured motorist provision of the Liberty Mutual policy. When Liberty Mutual denied coverage, each plaintiff brought suit against Liberty Mutual. The five cases were consolidated and tried before the court. At trial the plaintiffs contended that since the insurance coverage on the Fernandez vehicle was insufficient to adequately compensate the plaintiffs for the damages suffered in this accident, the Fer *97 nandez vehicle was uninsured within the meaning of the uninsured motorist provision of the Liberty Mutual policy and therefore the plaintiffs were entitled to recover pro rata the $20,000 uninsured motorist limit from Liberty Mutual. The trial court agreed with the plaintiffs’ contention, and entered final judgment in their favor. It is from this final judgment that Liberty Mutual now appeals.
Section 627.727(1), Florida Statutes 1971, is the codification of Florida’s longstanding public policy to require uninsured motorist protection in automobile insurance policies written in this state to afford to the public generally the same protection that the public would have had if the uninsured motorist had carried public liability coverage. Continental Insurance Company v. Wallace, 233 So.2d 195 (Fla.App.1970). This statutory provision, however, is only intended to impose a minimum area of coverage in the uninsured motorist tort situation. The insurer is liable under its policy only in those instances where the guilty tortfeasor is uninsured, or his insurance carrier becomes insolvent within one year after the tort is committed and is unable to respond to damages under its insurance policy. Such limited coverage may not be extended except by clear and unambiguous provisions of a duly enacted statute or the insurance policy sued upon. Golphin v. Home Indemnity Company, 284 So.2d 442 (Fla.App.1973); Insurance Company of North America v. Strauss, 231 So.2d 548 (Fla.App.1970).
In the instant case the uninsured motorist provision in the policy issued by Liberty Mutual to Smith provided:
“The company will pay all sums which the insured or his legal representatives shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called “bodily injury” sustained by the insured, caused by the accident and aris--ing out of the ownership maintenance or use of such uninsured automobile.”
The term “uninsured automobile” contained in the above quoted policy provision is defined therein as (1) an automobile with respect to the ownership, maintenance or use of which there is, in at least the amounts specified by the financial responsibility law of the state in which the insured automobile is principally garaged, no bodily injury liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such automobile; (2) an automobile with respect to which there is a bodily injury liability bond or insurance policy applicable at the time of the accident, but the company writing the same denies coverage thereunder; (3) an automobile with respect to which there is a bodily injury liability insurance policy applicable at the time of the accident, but the company writing the same becomes insolvent within one year after such accident; (4) a hit-and-run vehicle as defined.
From the stipulated facts, the Fernandez automobile was covered by an automobile liability insurance policy issued by State Farm in the minimum amount re-qrtired by the Florida Financial Responsibility Law. Coverage was not denied by State Farm. No question concerning insolvency of State Farm, or hit-and-run vehicles is raised by the facts. Clearly the Fernandez vehicle was not an uninsured automobile, and therefore the plaintiffs were not entitled to recovery under the uninsured motorist provision of the Liberty Mutual policy.
Accordingly, the final judgment entered in favor of the plaintiffs is reversed and the cause remanded for entry of a final judgment in favor of Liberty Mutual Insurance Company.
Reversed and remanded.
OWEN, C. J., and MAGER, J., concur.