333 So.2d 545 (1976)
GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant,
v.
Sheila MIRTH, Appellee.
No. 75-790.
District Court of Appeal of Florida, Third District.
May 4, 1976.
Bradford, William, McKay, Kimbrell Hamann & Jennings and Bruce Stanley, Miami, for appellant.
Rossman & Baumberger, Miami, for appellee.
Before PEARSON and NATHAN, JJ., and CHARLES CARROLL, (Ret.), Associate Judge.
*546 CHARLES CARROLL, Associate Judge.
This is an appeal by the plaintiff below from an adverse final judgment entered upon granting the defendant's motion for judgment on the pleadings, holding the plaintiff was not entitled to stay an arbitration, and ordering that the arbitration should proceed. The complaint filed by the appellant Government Employees Insurance Company, herein referred to as Geico, against Sheila Mirth, disclosed the facts set out below.
An automobile owned and driven by Gwendolyn Dixon, in which the defendant Sheila Mirth was a passenger, was involved in a collision with an automobile owned and driven by Annie J. Purcell. The accident was alleged to have been caused by negligence of Purceli.
The Purcell automobile was insured under a policy issued by Gateway Insurance Company, herein referred to as Gateway. The Dixon automobile was insured under a policy issued by Geico, which included uninsured motorist coverage, with a provision for claims under that coverage to be submitted to arbitration. By the Geico policy's provisions relating to uninsured motorist coverage, a tort-feasor's insured automobile is an uninsured motor-vehicle if the insurer thereof becomes insolvent within one year after the date of the accident.[1] Mirth, claiming damages for personal injuries, was proceeding for arbitration under uninsured motorist coverage of Geico.
The complaint alleged that Gateway, the insurer of the Purcell automobile, was declared insolvent by a court in Pennsylvania on or about August 21, 1974 (approximately two years after the date of the accident, which occurred on September 19, 1972). Based on the theory that as a consequence thereof the Purcell automobile was not an uninsured motor vehicle, and that therefore there was no contract provision for arbitration of Mirth's claim for damages for personal injuries against (insured) Purcell, the plaintiff sought a temporary and permanent injunction to stay the arbitration, as authorized and provided for by § 682.03(4) Fla. Stat., F.S.A.
Additionally, the plaintiff alleged the action was one for declaratory judgment to determine the rights of the parties, and prayed therefor.
The defendant Mirth filed a motion to dismiss the complaint, and an answer in which she denied the allegation that Gateway had been declared insolvent on August 21, 1974. The answer made no averment as to whether or when Gateway became insolvent. The defendant also moved for judgment on the pleadings.
Upon hearing the defendant's motions, the court found there was no doubt as to the meaning of the insurance contract or as to the interpretation of the contract and decided the cause on the merits, by granting defendant's motion for judgment on the pleadings (holding the motion to dismiss was moot), entering final judgment in favor of the defendant, and holding the plaintiff was not entitled to a stay and that the arbitration should proceed.
On this appeal therefrom by the plaintiff, it argues the court erred by granting judgment on the pleadings in faver of the defendant, holding plaintiff was not entitled to stay the arbitration, in face of the untried issue on which the right to stay the arbitration hinged.
The appellee argues that the judgment should be affirmed on the ground that an action for declaratory judgment will not lie for the "determination of purely factual issues arising under a contract of insurance which is clear and unambiguous", citing Travelers Indemnity Co. v. Johnson, Fla. 1969, 201 So.2d 705 [issue as to notice of claim]; Columbia Casualty Company v. Zimmerman, Fla. 1952, 62 So.2d 338 [issue *547 as to whether driver of automobile did so with consent of owner]; Prudence Mutual Casualty Co. v. Humphreys, Fla.App. 1969, 220 So.2d 381 [issue as to notice of claim].
We hold the trial court was not in error in concluding there was no need for a declaratory judgment as to the meaning or interpretation of the provisions of the Geico insurance policy. Travelers Indemnity Co. v. Johnson, supra. The policy plainly provided for arbitration of a claim under the uninsured motorist coverage, and it was equally clear under the policy that it did not provide for arbitration of a claim by Mirth against Purcell and her insurer if the Purcell automobile was insured. See Manning v. Travelers Insurance Co., Fla. 1971, 250 So.2d 872; Jimenez v. Liberty Mutual Insurance Co., Fla.App. 1973, 270 So.2d 406.
An application for a stay of arbitration was properly presented to the court under § 682.03(4) Fla. Stat., F.S.A. which reads as follows:
"On application the court may stay an arbitration proceeding commenced or about to be commenced, if it shall find that no agreement or provision for arbitration subject to this law exists between the party making the application and the party causing the arbitration to be had. The court shall summarily hear and determine the issue of the making of the agreement or provision and, according to its determination, shall grant or deny the application."
Under a liability indemnity insurance policy providing uninsured motorist coverage, issues relating to the merits of the claim against the tort-feasor are triable on the arbitration, but an issue bearing on coverage is not to be so tried, and is triable by the court. Cruger v. Allstate Insurance Company, Fla.App. 1962, 162 So.2d 690; Zeagler v. Commercial Union Ins. Co. of N.Y., Fla.App. 1964, 166 So.2d 616. Here, without trying the issue upon which coverage hinged, the court directed that the arbitration should proceed.
According to Johnson v. Government Employees Insurance Company, Fla.App. 1976, 333 So.2d 542 it is the date upon which an insurance company is adjudged to be insolvent which fixes the time of the insolvency for the purposes of this case.
It was error to grant judgment in favor of the defendant. On a motion for judgment on the pleadings (Rule 1.140 (c) F.R.C.P.), allegations in the pleading of the party moved against are taken as true, and those of the movant which are denied are taken as false. Butts v. State Farm Mutual Automobile Ins. Co., Fla. App. 1968, 207 So.2d 73, 75. Precluding the judgment for the defendant on the pleadings was the plaintiff's allegation, to be taken as true, that Gateway was adjudged insolvent approximately two years after the date of the accident. As provided for in § 682.03(4) Fla. Stat., F.S.A. the trial court should have decided the issue created by that allegation and its denial and thereby determined either that the tort-feasor's motor vehicle was uninsured and presence of a provision for arbitration, or that such motor vehicle was insured in which event there would be no provision for arbitration of Mirth's claim against Purcell, and Geico would be entitled to an order staying the proposed arbitration.
For the reasons stated the judgment is affirmed in part and reversed in part, and the cause is remanded for further proceedings not inconsistent herewith.
NOTES
[1] This comports with the statutory provision to such effect, § 627.727, subparagraphs (2) (a), and (3).