333 So.2d 542 (1976)
Robert V. JOHNSON and Viola Johnson, His Wife, Appellants,
v.
GOVERNMENT EMPLOYEES INSURANCE COMPANY, a Foreign Corporation, Appellee.
No. 75-1132.
District Court of Appeal of Florida, Third District.
May 4, 1976.
Rehearing Denied July 6, 1976.
*543 Horton, Perse & Ginsberg, Ronald W. Jabara, Miami, for appellants.
Bradford, Williams, McKay Kimbrell, Hamann & Jennings and Paul A. Carlson, Miami, for appellee.
Before BARKDULL, C.J., and HENDRY, J., and CHARLES CARROLL, (Ret.) Associate Judge.
PER CURIAM.
The plaintiffs below appeal from an adverse summary judgment. Appellant Robert V. Johnson was insured by the appellee. He and his wife suffered damages when his automobile was involved in a collision. The owner of the other car, who will be referred to herein as the tort-feasor, was insured by Gateway Insurance Company, which was adjudicated insolvent in August of 1974, more than a year after the accident, which occurred on June 21, 1973.
The plaintiffs claimed against Geico, under the uninsured motorist coverage which its policy provided. Although insured at the time of the accident by Gateway, the tort-feasor's automobile would be an uninsured-motor vehicle in event of insolvency of Gateway within one year of the date of the accident, according to a provision to that effect in the Geico policy, and by § 627.727(3), Fla. Stat., F.S.A. In the trial court Johnson averred that Gateway became insolvent in fact within a year after the accident, and argued there, and in this court, that the time of insolvency of Gateway, for the purposes involved, was the date upon which it actually became insolvent, rather than the date upon which it was judicially found and determined to be insolvent.
In the trial court, and here Geico contended the controlling date as to insolvency was the date of the adjudication thereof. Based on those positions, both parties moved for summary judgment.
The court held in favor of Geico, and granted it a summary judgment, in which there was included a discussion of the question and of the applicable statutes and authorities, as follows:
"The issue before the court is: What is the meaning of `insolvent insurer' under the present Florida Uninsured Motorists Statute, Section 627.727. Does it mean insolvent as a matter of fact or does it mean insolvent as a matter of adjudication?
"This Court is of the view that the determination for the purpose of an uninsured motorists claim is the date of the adjudication of insolvency.
"The plaintiffs rely in support of their position upon Chapter 631.011(5) of the *544 Florida Statutes which defines the word `insolvency' as being in substance  `When the assets of the insurer are not sufficient to discharge all of its liabilities, etc.'
"They further rely upon the case of: State Farm Mutual Automobile Insurance Company v. Fass, 243 So.2d 223 (Fla.[App.], 1971); Bartholomew v. Glenns Falls Insurance Group, 241 So.2d 698 (Fla.[App.], 1970).
"It should be noted that the definition of `insolvency' as contained in Section 631.011 of the Florida Statutes was not incorporated in the 1971 uninsured motorists statute, being Section 627.727 of the Florida Statutes, but rather the definition as set forth in Section 631.54(5) was incorporated in the uninsured motorists statute. Section 631.54(5) of the Florida Statutes in defining `insolvent insurer' says:
"Insolvent insurer" means an insurer authorized to transact insurance in this State either at the time the policy was issued or when the insured event occurred and adjudicated to be insolvent by a Court of competent jurisdiction.'
"This would appear to be dispositive of the determination of the issue as to what is meant by `insolvent insurer.'
"Insofar as the cases of State Farm Mutual Insurance Company v. Fass and Bartholomew v. Glenns Falls Insurance Group relied upon by the plaintiffs, it appears that both of these cases were decided under the old uninsured motorist statute (627.0851 (1969)), which statute did not incorporate a definition of `insolvent insurer' and is therefore clearly distinguishable from the instant case. The plaintiff relies further upon the case of State Farm Insurance Company v. Saumell, 273 So.2d 101 (Fla., 1973)  however, the opinion in that case did not deal with nor did it consider the definition of `insolvent insurer', or the question of adjudication of insolvency of the insurer, nor did it consider the time of such adjudication, and is therefore of little assistance in reaching a determination in the instant case.
"The defendants rely upon the 1973 Florida Uninsured Motorist Statute, Section 627.727, which defines `insolvent insurer' by referring to Florida Statute Subsection 631.54(5), which has been referred to hereinabove. The defendant further relies upon the case of Jimenez v. Liberty Mutual Insurance Company, 270 So.2d 406 (Fla.Appeals, 1973) which considered adjudication of insolvency of the insurer as having occurred approximately 14 months after the date of the accident and plaintiffs right to bring an uninsured motorist claim was denied. The Court specifically referred to the Florida Insured Guaranty Association Statute by citing O'Malley v. Florida Insurance Company Association, 257 So.2d 9 (Fla., 1971). In that case the Supreme Court upheld the constitutionality of the `FIGA' statute, which involved the definition of `insolvent insurer.'
"THEREFORE, the Court concludes that the 1971 Florida Statute 627.727 governs this case and is dispositive of the issue of an interpretation of `insolvent insurer.'"
We find need to add little to the foregoing opinion of the trial court, which we hold correctly decided the question involved.
The appellants argue that while the trial court's decision of the question may be in accordance with § 627.727(3) and (4) and § 631.54(5) Fla. Stat., F.S.A. when those statutory provisions are considered in pari materia and are read together, the actual date that Gateway became insolvent, rather than the date it was adjudged to be insolvent, should be controlling in this case, because the insurance policy referred to the tort-feasor's motor vehicle being uninsured if the insurer thereof "becomes insolvent" within a year *545 after the accident. Based thereon, appellants contend that to hold that the date of adjudication of insolvency applies will operate to impair its contract and to deny it due process of law. We do not agree. Contracts are made in legal contemplation of existing applicable statutes. Belcher v. Belcher, Fla. 1972, 271 So.2d 7, 9; General Development Corporation v. Catlin, Fla. App. 1962, 139 So.2d 901, 913.
The judgment is affirmed.