### GOVERNMENT EMPLOYEES INSURANCE CO. v. ORANDELLO.

No. 78-838.

Circuit Court, Broward County.

May 2, 1978.

J. Jay Simons of Simons & Schlesinger, Fort Lauderdale, for the plaintiff.

Steven F. Billing of Hainline & Billing, Fort Lauderdale, for the defendant.

STEPHEN R. BOOHER, Circuit Judge.

This cause came on to be heard on the defendant's motion to dismiss the plaintiff's complaint for a declaratory decree.

It appears that plaintiff's complaint states grounds which would have been the basis for an application to stay arbitration under §682.03(4), F.S., Geico v. Mirth, 333 So.2d 545 (Fla. 3d DCA 1976). However, it was conceded that no such application was made and that plaintiff allowed the matter to proceed to arbitration between the parties, which resulted in an award for defendant of $6,500.

Clearly, there is no need for a declaratory judgment as to the meaning and interpretation of the Geico policy. Geico v. Mirth, supra, p. 547. While there may be a factual issue as to the date of insolvency of Bankers Fire and Casualty Company, this involves "a purely factual issue" not properly the subject for declaratory judgment. Geico v. Mirth, supra, p. 546. And, as a matter of law, the date of insolvency is fixed by the date the company is adjudged insolvent. Johnson v. Geico, 333 So.2d 542 (Fla. 3d DCA 1976).

Accordingly, plaintiff is granted leave to amend if perchance it can find another method to present the issue. It may be, however, that having slept on its rights to stay arbitration it cannot now have a second bite at the apple and may have to await action by the defendant to obtain confirmation of and judgment on the arbitration award, at which point some injunctive or other relief by way of counterclaim may be available to it.

The defendant's motion to dismiss the plaintiff's complaint for a declaratory decree is granted, with leave to the plaintiff to amend within 20 days from the date of this order.