Charles and Cleta NULL, Plaintiffs-Appellants,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Respondent.

No. 42280.

Missouri Court of Appeals, Eastern District, Division Four.

March 24, 1981.

Lawrence O. Willebrand, St. Louis, for plaintiffs-appellants.

Evans & Dixon, St. Louis, for defendant-respondent.

SIMON, Judge.

This is an appeal from a summary judgment entered by the Circuit Court of St. Louis County in favor of State Farm Mutual Automobile Insurance Company (State Farm). We affirm.

Cleta Null (Cleta), and her husband Charles Null (Charles), sought damages from State Farm, their insurer, under the uninsured motor vehicle coverage of their automobile insurance policy.

On appeal, Cleta and Charles contend that (1) the trial court erred in granting a summary judgment based on the 2 year period of limitation set forth in § 379.203 RSMo 1978 [1] because the insurance policy defines an "uninsured motor vehicle" as one whose insurer "is or becomes insolvent" and does not specify any time period; (2) the trial court erred in ruling that Cleta's claim was barred because she had a satisfied judgment against the tort-feasor since the policy or statute did not prohibit an insured, under such circumstances, from recovering damages from the insurer under the uninsured motor vehicle coverage.

On August 31, 1971, Michael Gray was operating an automobile which struck the rear of an automobile operated by Frederick St. Clair (St. Clair), whose automobile in turn collided with an automobile operated by Cleta.

Cleta and Charles filed a suit against Gray and St. Clair. Judgment was entered in favor of Cleta against Gray in the amount of $1000.00. This judgment was not appealed. On November 29, 1974, $1003.40 was deposited in the Registry of the court in payment of the judgment. The record does not indicate who made the payment.

Judgment was entered in favor of Charles, on his derivative claim, i. e., Cleta's medical bills, loss of services and consortium, against Gray in the amount of $6500 and Gray appealed to our court in *Null v. Gray*, 534 S.W.2d 823 (Mo.App.1976) and the judgment was reversed and remanded for a new trial on the issue of damages only.

Judgment was entered in favor of St. Clair and against Cleta and Charles. No appeal was taken from this judgment.

Gray was insured by Manchester Insurance Company (Manchester) under an automobile liability insurance policy on the date of the collision. Sometime in 1974, Manchester Insurance Company became insolvent. Subsequent to Manchester's insolvency, Cleta and Charles filed suit against State Farm under the uninsured vehicle coverage of their policy for damages resulting from the collision. The summary judgment was entered and this appeal followed.

On review of a summary judgment, we shall affirm the same, if the prevailing party is shown by unassailable proof to be entitled thereto as a matter of law. 74.-04(h).

The Nulls contend that Gray was operating an uninsured motor vehicle as defined by State Farm in their policy. The policy defines an uninsured motor vehicle as:

(1) A land motor vehicle with respect to the ownership, maintenance or use of which there is in at least the amounts specified by the financial responsibility law of the state in which the insured motor vehicle is principally garaged, no bodily injury liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such vehicle, or with respect to which there is a bodily injury liability bond or insurance policy applicable at the time of the accident but the company writing the

---

1. All statutory references shall be to RSMo 1978 unless otherwise noted.

same denies that there is any coverage thereunder or is or becomes insolvent;

Under § 379.203(1), uninsured motor vehicle coverage is required in automobile liability insurance policies. Further, subsections 2 and 3 of § 379.203 provide as follows:

(2) For the purpose of this coverage, the term "uninsured motor vehicle" shall, subject to the terms and conditions of such coverage, be deemed to include an insured motor vehicle where the liability insurer thereof is unable to make payment with respect to the legal liability of its insured within the limits specified herein because of insolvency.

(3) An insurer's insolvency protection shall be applicable only to accidents occurring during a policy period in which its insured's uninsured motorist coverage is in effect where the liability insurer of the tortfeasor becomes insolvent within two years after such an accident. Nothing herein contained shall be construed to prevent any insurer from affording insolvency protection under terms and conditions more favorable to its insureds than is provided hereunder.

Cleta and Charles contend that State Farm granted broader protection than the statutory two year limitation by its definition of "uninsured motor vehicle", which failed to set a time limitation, and thus, that State Farm intended to have no time limitation. We disagree.

We have been unable to find any Missouri cases on point but the Florida appellate court has decided an issue similar to the issue presented herein. In *Insurance Company of North America v. Strauss*, 231 So.2d 548 (Fla.App.1970),[2] the court stated:

Here, the policy issued by the appellant did not provide for "more favorable" coverage. Therefore, appellant is bound only to the minimum extent required by the statute; i. e., it is liable only on a claim arising out of an accident, occurring while the policy was in force, in which the tort-feasor is uninsured or, if insured, where his insurer "becomes insolvent within one year after such an accident." Summary judgment in favor of the plaintiffs-appellees, and predicated on the ground that the one-year provision of the statute was not a limitation of exposure of appellant herein, was therefore error.

▪▪▪ We hold the view that our legislature intended by the enactment of § 379.203(2)(3) to require insurers to provide minimum coverage involving uninsured motorists. Under the statute, the insurer could provide more favorable coverage but, in no event, coverage less than the statute mandated. We recognize and agree that when an ambiguity exists in a policy of insurance, the construction most favorable to the insured must be adopted. Applying the general rule that existing and valid statutory provisions enter into and form a part of all policies of insurance to which they are pertinent and applicable as fully as if such provisions were written into said policies, we rule that the ambiguity created by the policy's silence is cured by the statute. *Ward v. Allstate Insurance Company*, 514 S.W.2d 576 (Mo. banc 1974); *Stahlberg v. Travelers Indemnity Co.*, 568 S.W.2d 79 (Mo.App.1978). When § 379.203(3) is read as a part of the policy, it is clear that the limitation is two years.

Since Gray's liability insurer's insolvency occurred more than two years after the date of the accident, it is not necessary to consider Cleta's second contention.

Judgment affirmed.

SMITH, P. J., and SATZ, J., concur.

2. The factual situation involved a policy which was silent altogether as to any provisions relating to insolvency protection and § 627.0851(3) FSA provided in part as follows:

An insurer's insolvency protection shall be applicable only to accidents occurring during a policy period in which its insured's uninsured motorist coverage is in effect where the liability insurer of the tort-feasor becomes insolvent within one year after such an accident. Nothing herein contained shall be construed to prevent any insurer from affording insolvency protection under terms and conditions more favorable to its insureds than is provided hereunder.