Ellis McMURTRY, Plaintiff–Appellant,

v.

AETNA CASUALTY & SURETY COMPANY, Defendant–Respondent.

No. 61526.

Missouri Court of Appeals, Eastern District, Division Two.

Jan. 26, 1993.

Walther/Glenn Law Associates, Carrie L. Kmoch, St. Louis, for plaintiff-appellant.

Moser and Marsalek, P.C., Thomas J. Magee, Gregory T. Mueller, St. Louis, for defendant-respondent.

PUDLOWSKI, Judge.

Plaintiff-appellant, Ellis McMurtry, filed a petition to recover for personal injuries sustained when a motor vehicle driven by an uninsured intoxicated driver struck his bicycle on September 11, 1989. Appellant seeks to recover proceeds from the uninsured motorist insurance coverage provided by Aetna Casualty and Surety Company (Aetna) to his employer, the Mercantile Bancorporation (Mercantile). On July 12, 1991, the Circuit Court of the City of St. Louis granted summary judgment in Aetna's favor, and this appeal followed. We affirm.

The facts of the case are not in dispute. At the time of the accident, appellant was employed as a collections officer for Mercantile. As part of his compensation, Mercantile supplied appellant with an automobile for his business and personal use. Mercantile also insured appellant's automobile, along with 166 other automobiles, with Aetna. On the declarations in the Aetna insurance policy, Mercantile Bancorporation is listed as the named insured along with various divisions of the corporation

and branch banks. McMurtry is not listed as a named insured on the policy.

The dispositive issue on appeal is whether appellant can be compensated from Aetna for injuries sustained when he was struck by an uninsured motorist while on his bicycle rather than riding in the insured car. The portion of the insurance policy on the company car driven by appellant covering uninsured motorist insurance coverage provides in part:

**UNINSURED MOTORIST INSURANCE COVERAGE**

**A. COVERAGE**

1. We will pay all sums the "insured" is legally entitled to recover as damages from the owner or driver of an "uninsured motor vehicle." The damages must result from "bodily injury" sustained by the "insured" caused by an "accident." The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "uninsured motor vehicle."

2. If this insurance provides a limit in excess of the amounts required by the applicable law where a covered "auto" is principally garaged, we will pay only after all liability bonds or policies have been exhausted by judgments or payments.

3. Any judgment for damages arising out of a "suit" brought without our written consent is not binding on us.

**B. WHO IS AN INSURED**

1. You.

2. If you are an individual, any "family member."

3. Anyone else "occupying" a covered "auto" or temporary substitute for a covered "auto." ...

**C. EXCLUSIONS**

This insurance does not apply to any of the following:

1. Any claim settled without our consent.

2. The direct or indirect benefit of any insurer or self-insurer under any workers compensation, disability benefits or similar law.

3. "Bodily injury" sustained by you or any "family member" while "occupy-

ing" or struck by any vehicle owned by you or any "family member" that is not a covered "auto." ...

The policy is clear insofar as it attempts to place an occupancy restriction on drivers who are not the named insured. While occupancy restrictions for uninsured motorist insurance policies are not valid against named insureds and their relatives residing in the same household, such restrictions are valid against other permissive users. *See Hines v. Government Employee Ins. Co.*, 656 S.W.2d 262, 265 (Mo. banc 1983); *Adams v. Julius*, 719 S.W.2d 94, 101–02 (Mo.App.1986). Appellant does not dispute that under the policy he is not a named insured but rather a permissive user. As a permissive user, appellant claims that the public policy behind the Missouri uninsured motorist statute mandates insurance coverage for appellant's injuries even though the insurance policy-on its face-denies coverage. Appellant argues on appeal that because of his complete "dominion and control" over the automobile, his interest in the automobile amounts to an "ownership" interest even though Mercantile purchased and insured the automobile.

Missouri's uninsured motorist insurance act reads in part:

1. No automobile liability insurance covering liability arising out of ownership, maintenance, or use of any motor vehicle shall be delivered or issued ... unless coverage is provided ... for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death resulting therefrom ... It also exists whether physical contact was made between the uninsured motor vehicle and the insured or the insured's motor vehicle.

§ 379.203.1, RSMo 1986. Section 379.203.1 mandates coverage for the protection of insureds who are legally entitled to recover damages from uninsured motorists. *Rister v. State Farm Mut. Auto. Ins. Co.*, 668 S.W.2d 132, 134 (Mo.App.1984). The pur-

pose of mandatory uninsured motorist insurance is to provide protection to automobile insurance purchasers equivalent to the minimum coverage required by the financial responsibility laws regardless of whether the offending vehicle was driven by an insured or uninsured operator. *Famuliner v. Farmers Ins. Co., Inc.*, 619 S.W.2d 894, 896–97 (Mo.App.1981). The uninsured motorist statute becomes a part of each liability automobile insurance policy issued in the state. *See Null v. State Farm Mut. Auto Ins. Co.*, 614 S.W.2d 280, 282 (Mo.App.1981).

Were we to classify appellant as the "owner" of the vehicle, appellant argues the occupancy restriction would be void under the uninsured motorist statute because as an "owner," appellant would be treated as though he were a named insured and his uninsured motorist coverage would cover the accident sustained on his bicycle. In support of his claim, appellant cites three cases dealing with whether a first permittee can impliedly give the named insured's permission to use an automobile to a second permittee and, thereby, access non-owned vehicle coverage. First among these is *United States Fidelity & G. Co. v. Safeco Ins. Co. of Am.*, 522 S.W.2d 809 (Mo. banc 1975). The issue in *Safeco* was whether the teenage daughter of the named insured could effectively give the "implied permission" of her parents to the girl's friend to use the automobile and, thereby, come under the omnibus clause of an automobile liability policy which required the permission of a named insured. The court considered the amount of time the daughter spent driving the car and the fact that the daughter could lend the car to friends of her choice in determining she could impliedly give the mother's permission. The court concluded that the daughter could impliedly give her parents' permission; principally due to her parents' permissive behavior concerning the daughter's use of the automobile. The *Safeco* court never concluded that the daughter's dominion over the car made her the "owner" of the vehicle but rather that permission could be imputed to the named insureds-the parents-from the loose nature of

their control over their daughter's driving habits. *Safeco*, therefore, does not support the proposition that unfettered use of an automobile creates de facto ownership.

Appellant next cites to *Subscribers at Auto. Club, Etc. v. McClanahan*, 607 S.W.2d 718 (Mo.App.1980), which also makes clear that permission must come from the named insured in order to come under an omnibus clause for non-owned vehicles but that the permission can be inferred from a course of conduct of the named insured. Like *Safeco*, *Subscribers* does not in anyway imply that the Missouri courts consider first permittees as "owners" of automobiles by virtue of their unfettered control over the cars that they permissively use.

Appellant's third case holds that ownership will be implied under Missouri law when an individual, even though not possessing legal title to an automobile, can be the "owner" of the vehicle where that individual purchased the car with his own money. *State Farm Mut. Ins. Co. v. Foley*, 624 S.W.2d 853 (Mo.App.1981).

Our research failed to uncover any Missouri cases dealing with the scope of uninsured motorist insurance coverage for permissive users of corporate automobiles, but the majority of cases from other jurisdictions support the legality of occupancy restrictions for those drivers. In a strikingly similar case to the instant case, an employee and principal shareholder of a corporation was riding his bicycle on personal business when he was struck by an uninsured motorist. *Meyer v. American Economy Ins. Co.*, 103 Or.App. 160, 796 P.2d 1223 (1990). The employee, who had exclusive use of a corporate automobile, attempted to recover under the provisions of an insurance policy covering a corporate automobile where the corporation was the named insured. The Oregon Court of Appeals held that where an uninsured motorist clause restricted recovery of permissive users to occupants of the insured vehicle, an employee could not recover under the policy for accidents sustained outside of the vehicle. *Id.* 796 P.2d at 1224. The clear majority of cases from other jurisdictions hold

occupancy restrictions in uninsured (and underinsured) motorist insurance coverage valid where the corporation is the named insured in the policy and the injured employee is a permissive user of the automobile who is injured when not occupying the automobile. *See generally Barnes v. Firemans Fund Ins. Co.*, 578 So.2d 1155 (La. App.1991); *Davis v. Brock*, 602 So.2d 104 (La.App.1992); *Sproles v. Travelers Indemnity Co. of America*, 329 N.C. 603, 407 S.E.2d 497 (1991) (underinsurance context); *Chastain v. United States Fidelity & G. Co.*, 199 Ga.App. 86, 403 S.E.2d 889 (1991); *Sears v. Wilson*, 10 Kan.App.2d 494, 704 P.2d 389 (1985); *But cf. Hager v. American West Insurance Company*, 732 F.Supp. 1072 (D.Mont.1989); *Decker v. CNA Ins. Co.*, 66 Ohio App.3d 576, 585 N.E.2d 884 (1990).

In the instant case, appellant had permissive use of the car supplied to him by Mercantile, but it cannot be said that he "owned" the vehicle. Appellant did not pay for the car or its insurance and could not pass legal title in the automobile to someone else. As such, appellant is not the "owner" of the car for the purposes of Missouri uninsured motorist statute and the occupancy restrictions could validly constrain appellant's uninsured coverage to accidents occurring when appellant drove the vehicle. Appellant's dominion and control over his automobile fail to establish de facto ownership. Further, occupancy restrictions do not conflict with section 379.-203.1 so long as they do not attempt to restrict the named insureds coverage to the insured vehicle. Affirmed.

CRANDALL, P.J., and GRIMM, J., concur.