212 So.2d 110 (1968)
NEW AMSTERDAM CASUALTY COMPANY, Appellant,
v.
INTERCITY SUPPLY CORPORATION, a Florida Corporation, and Lealon Chambers, Appellees.
No. 1091.
District Court of Appeal of Florida. Fourth District.
June 13, 1968.
Rehearing Denied July 16, 1968.
*111 Eugene L. Roberts, of Howell, Kirby, Montgomery, Sands & D'Aiuto, Rockledge, for appellant.
William H. Roundtree, Cocoa, for appellee-Lealon Chambers.
CROSS, Judge.
The appellant, New Amsterdam Casualty Company, filed a complaint in the Circuit Court for Brevard County, Florida, on December 3, 1965, seeking a declaratory judgment to determine whether the defendant-appellee, Intercity Supply Corporation, had breach the assistance and cooperation clause and the notice of suit clause in an insurance policy which appellant had issued to Intercity Supply Corporation. The appellee, Lealon Chambers, was joined in the suit for declaratory judgment because he had obtained a judgment against Intercity Supply Corporation for injuries received by him as a result of an accident which occurred on April 7, 1964, while the said *112 policy of insurance was in effect. The parties will be referred to as they stood in the trial court.
The complaint alleged that the injuries to Lealon Chambers occurred as the result of the conduct of one Richard Brewer acting in his capacity as an employee of the defendant, Intercity Supply Corporation. The complaint also alleged that after the accident the president of the defendant, Intercity Supply Corporation, refused to provide the plaintiff with information concerning the alleged injury to Lealon Chambers and the circumstances surrounding the same, and even refused to meet with or discuss the claim with representatives of the plaintiff and further failed to instruct Intercity's employee, Richard Brewer, to discuss the injury and attendant circumstances with representatives of the plaintiff. By reason of this conduct, the complaint asserts, New Amsterdam was seriously prejudiced in attempting to investigate the injury of Lealon Chambers and its surrounding circumstances. The complaint alleges that the defendant, Intercity Supply Corporation, failed to forward to plaintiff, New Amsterdam, the suit papers in the action by Lealon Chambers against the defendant, Intercity.
The pertinent provisions of the insurance contract attached to the complaint read as follows:
"11. Notice of Claim or Suit If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.
"12. Assistance and Cooperation of the Insured The insured shall cooperate with the company and, upon the company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits. * * *"
The defendant, Lealon Chambers, filed a motion to dismiss the suit for declaratory decree, answered the complaint substantially denying the material allegations therein, and filed a counterclaim in which he alleged that he obtained a judgment against Intercity Supply Corporation on 19 November 1965 and demanded a judgment against the plaintiff, New Amsterdam Casualty Company, for the amount awarded him from Intercity.
The plaintiff, New Amsterdam Casualty Company, filed a reply to the counterclaim in effect denying that the defendant, Lealon Chambers, had a right to recover from it and, by way of a further defense, realleged by reference the allegations set out in the complaint.
On August 11, 1966, the trial court entered a summary judgment in favor of the defendant, Lealon Chambers, on his counterclaim and awarded him a judgment against the plaintiff, New Amsterdam Casualty Company, for the amount of the judgment which Chambers had previously obtained against the insured, Intercity Supply Corporation, together with attorney's fees. On September 28, 1966, the trial court dismissed with prejudice New Amsterdam's complaint for declaratory judgment.
The issue on this appeal is the propriety of the trial court's orders granting the motion to dismiss the complaint for declaratory relief and awarding summary final judgment to the defendant, Lealon Chambers, on the basis of his counterclaim.
It was the lower court's opinion that this cause would require the determination of disputed issues of fact and thus come within the rule of Columbia Casualty Co. v. Zimmerman, Fla. 1953, 62 So.2d 338, and State Farm Mutual Automobile Insurance Co. v. Couch, Fla.App. 1964, 167 So.2d 786.
It has been said many times that the declaratory judgment statute is not available to settle factual issues bearing on liability *113 under a contract which is clear and unambiguous and which presents no need for its construction. Smith v. Milwaukee Insurance Co. of Milwaukee, Wis., Fla.App. 1967, 197 So.2d 548; Johnson v. Atlantic National Insurance Co., Fla.App. 1963, 155 So.2d 886; Halpert v. Oleksy, Fla. 1953, 65 So.2d 762; Columbia Casualty Co. v. Zimmerman, supra.
In Johnson v. Travelers Indemnity Co., Fla.App. 1966, 191 So.2d 61, our sister court held that the insurer was not entitled to a declaratory judgment on the contention that notice of a claim under an uninsured motorist provision was not given as soon as practicable where there was no construction of the policy in issue but only the factual question of sufficiency of notice.
On certiorari the Supreme Court held that the complaint of the insurer containing the allegations of non-liability under the uninsured motorist provision on the basis of the insured's breach of duty to give it written notice of the accident was not sufficient to state a cause of action for declaratory relief and discharged the writ. Travelers Indemnity Co. v. Johnson, Fla. 1967, 201 So.2d 705. The Supreme Court reaffirmed its decision in Columbia Casualty Co. v. Zimmerman, supra. See also National Surety Corporation v. White Construction Company, Fla.App. 1968, 206 So.2d 220.
The real question that the insurance company actually seeks to have a determination of is purely a factual one; namely, did the conduct or claimed acts of the defendant, Intercity Supply Corp., meet or not meet the requirements of the assistance and cooperation clause of the policy?
The controversy which gave rise to this appeal does not embrace any question of the construction or validity of the insurance contract. To activate the jurisdiction of the court under the declaratory judgment statute, there must be some doubt as to the existence or non-existence of some right, status, immunity, power or privilege which may be at stake under a deed, will, contract or other article, memorandum or instrument in writing. There is no claim of doubt or assertion of any ambiguity in the insurance policy. See Ready v. Safeway Rock Co., 1946, 157 Fla. 27, 24 So.2d 808. See also Hialeah Race Course, Inc. v. Gulfstream Park Racing Association, Inc., Fourth District Court of Appeal, 210 So.2d 750, opinion filed May 23, 1968.
We glean from the record that the acts which gave rise to this cause of action are disputed by both parties. The defendant, Intercity Supply Corp., would show us that its acts were sufficient to meet the requirements of the assistance and cooperation clause of the policy, while the plaintiff proffers forth for determination acts of the defendant which it considers as not sufficient to meet the requirements of the assistance and cooperation clause of the policy. The lower court was confronted with these disputed factual questions and therefore correctly determined that the only question involved was a disputed factual situation involving the sufficiency of notice and not within the purview of the declaratory judgment statute.
We conclude that the complaint failed to state a cause of action for declaratory judgment under F.S. 1965, Chapter 87, F.S.A. (now F.S. 1967, Chapter 86, F.S.A.) and under the authority of Columbia Casualty Co. v. Zimmerman, supra.
The motion of the defendant, Lealon Chambers, for a summary judgment on the counterclaim was supported by his own affidavit which in substance indicated that Mr. Chambers had been in the accident of April 7, 1964, involving a motor vehicle owned by Intercity Supply Corporation and driven by one Richard Brewer; that on April 16, 1964, he gave a statement to a person by the name of Marshall Long who represented himself to be a claims adjuster acting for New Amsterdam, in which statement Mr. Chambers set forth the details of his accident and injury. On August 4, *114 1964, he filed a suit against Intercity Supply Corporation in Brevard County Circuit Court and obtained a final judgment on November 19, 1965.
The motion for summary judgment is also supported by an affidavit of the attorney for the defendant, Lealon Chambers, which indicates that he represented Mr. Chambers in the prior suit by Chambers against Intercity Supply Corporation and that service of process was obtained on the defendant there, Intercity Supply Corporation, on August 14, 1964, and a copy of the complaint in that case was mailed by Chambers' attorney to Crawford and Company as a representative of New Amsterdam on September 17, 1964. No default was taken against Intercity Supply Corporation in that lawsuit until several months thereafter. The affidavit of the attorney for Lealon Chambers also sets forth the details of his dealings with Crawford and Company and various alleged representatives of New Amsterdam after the action by Lealon Chambers was filed. Attached to the affidavit of the attorney was a deposition of one Ralph P. Weingarten given in the personal injury suit. It stated that Mr. Weingarten was president of Intercity Supply Corporation, but is otherwise uninformative.
Were the only issue presented by the reply of New Amsterdam to the counterclaim the failure of the insured to forward the suit papers to it, we believe that this issue might have been properly resolved against the plaintiff in the summary judgment proceeding, but this was not the only issue. None of the items offered in support of the motion for summary judgment reached the question of whether or not the plaintiff was materially prejudiced by the asserted lack of cooperation on the part of Intercity Supply Corporation immediately after the accident occurred. This question involves material issues of fact framed by New Amsterdam's reply to the counterclaim. If the defendant, Intercity Supply, failed to furnish the plaintiff with suit papers as required by the insurance contract, this can be considered along with all other relevant facts as bearing on the issue of compliance with the assistance and cooperation clause, American Fire and Casualty Company v. Collura, Fla.App. 1964, 163 So.2d 784. We conclude, therefore, that the affidavits in support of the motion for summary judgment did not negate all of the material issues of fact made by the reply and that the entry of the summary judgment for the defendant, Lealon Chambers, on his counterclaim was error. Holl v. Talcott, Fla. 1966, 191 So.2d 40, 47; Visingardi v. Tirone, Fla. 1966, 193 So.2d 601, 603.
Accordingly, the order dismissing with prejudice the complaint for declaratory relief is affirmed and the final summary judgment order is reversed and this cause is remanded for further proceedings consistent with this opinion.
Affirmed, in part; reversed, in part.
HEWITT, ROBERT S., Associate Judge, concurs.
REED, J., concurs, in part, and dissents, in part, with opinion.
REED, Judge (dissenting).
I disagree with the view of the majority that the complaint of appellant-New Amsterdam sought only a determination of a purely factual issue and, therefore, did not state a cause of action for declaratory judgment under Chapter 87, F.S. 1965 (now Chapter 86, F.S. 1967). The majority view is based on Columbia Casualty Co. v. Zimmerman, Fla. 1952, 62 So.2d 338, which holds that a complaint which raises only a factual issue for determination does not state a cause of action for declaratory relief under the declaratory judgment act. The opinion, however, recognizes that a suit for declaratory judgment is appropriate where *115 the complaint asserts a doubt as to the proper interpretation of a contract. At page 340 of the opinion the court said:
"In the case of Coral Gates Properties, Inc. v. Hodes, Fla., 59 So.2d 630, the Court had before it an oral contract. In that case we held that even an oral contract, when the terms are not in dispute, may be the basis for a declaratory judgment proceeding where there was some doubt as to the proper interpretation of the contract. The same rule applies here to the written contract. There must be some doubt as to the proper interpretation of the written contract or as to the existence or non-existence of some right, status, immunity, power or privilege under the written contract, and that a construction thereof is necessary in order to determine the rights of a party having such doubt as to the meaning of the contract."
Furthermore, F.S. 1965, Section 87.02, F.S.A., expressly provided:
"Any person claiming to be interested or who may be in doubt as to his rights under a * * * contract * * * or whose rights, status or other equitable or legal relations are affected by a * * * contract, * * * may have determined any question of construction or validity arising under such * * * contract, * * * and obtain a declaration of rights, status or other equitable or legal relations thereunder."
Contrary to the statement in the majority opinion that, "There is no claim of doubt or assertion of any ambiguity in the insurance policy," paragraph 8 of New Amsterdam's complaint expressly alleges that New Amsterdam is in doubt as to whether or not the conduct of the appellee-Intercity Supply Corporation constituted compliance with the notice of suit and the assistance and cooperation clauses in the policy.
Reading the complaint as a whole it presents both issues of fact for the jury as well as questions of construction relating to the meaning of the notice of suit and the assistance and cooperation clauses in the policy. The latter questions are ones of law for the judge to decide, where, as here, the language of the policy is unambiguous. American Fire and Casualty Co. v. Vliet, 1941, 148 Fla. 568, 4 So.2d 862, 863, 139 A.L.R. 767; Reliance Insurance Company v. Brickenkamp, Fla. App. 1962, 147 So.2d 200, 202, 91 A.L.R.2d 1290, and 46 C.J.S. Insurance § 1368, page 599.
In American Fire and Casualty Company v. Vliet, supra, the court "construed" a cooperation clause in a policy of insurance as not requiring an insured to attend trial at a place a considerable distance from her home at her own expense. The court enunciated what the policy meant as a matter of law. It did not hold this to be for the jury.
In Reliance Insurance Company v. Brickenkamp, supra, the court held that the trial judge was in error in allowing a jury to decide whether or not a defect in a boat was a "latent defect" within the meaning of the term as used in an insurance contract then before the court. The court held as a matter of law that, under the admitted facts, a latent defect was not shown. The court stated at page 202 of its decision:
"As is stated in Friedman v. Virginia Metal Products Corp., Fla. 1952, 56 So.2d 515, 33 A.L.R.2d 956:
`It is a cardinal rule, that the construction of all written instruments, is a question of law and belongs to the courts, provided: "the language used is clear, plain, certain, undisputed, unambiguous, unequivocal and not subject to conflicting inferences". * * *'
That the language in the policy is unambiguous and unequivocal cannot be gainsaid. The question involved here is not an analysis of the language of the policy but is, rather, whether or not *116 the facts in the case fit into the clause set out above."
The rule is perhaps best stated in 46 C.J.S. Insurance § 1368, page 599, as follows:
"The construction and interpretation of the terms of the policy are questions of law for the court, where there is no ambiguity in the language of the policy when applied to the undisputed facts, and it is error to leave its construction to the jury; but disputed questions of fact on which the construction rests should be submitted to the jury, and, where the meaning of certain terms used in the policy is ambiguous and disputed, the evidence as to their true meaning should be left to the jury. * * *" (Emphasis added.)
These authorities illustrate the division of responsibility between the judge and jury in dealing with a contract. The function of the judge is to construe the meaning of the contract in relation to the facts of the particular case, but a determination of the facts is for the jury. Where a complaint for a declaratory decree presents a controversy which requires the court to construe the meaning of an unambiguous clause of a contract, it obviously presents more than just a pure factual question.
Applying these principles to the present case, it appears to me that there were both questions of fact and of law presented by the complaint. For example, there was a question of fact as to what the defendant's conduct was immediately after the accident. Did Intercity through its president refuse to provide information after a proper request by a representative of the appellant-New Amsterdam? Did Intercity refuse to assist New Amsterdam in its efforts to interview Intercity's employee who was directly involved in the accident after a proper request? Did New Amsterdam exercise diligence and good faith in bringing about the cooperation of the insured, Intercity Supply Corporation, and did Intercity's conduct materially and substantially prejudice New Amsterdam?[1] These were among the issues of fact framed by the complaint and they were for the jury to decide. It was for the trial judge to determine, as a matter of construction, whether or not the assistance and cooperation clause required the president of the appellee-Intercity Supply Corporation to provide the appellant-New Amsterdam with information concerning the injury to Lealon Chambers, to meet with agents of New Amsterdam, and to instruct its (Intercity's) employee who was directly involved in the accident to discuss the alleged accident with representatives of New Amsterdam. In other words, the judge's function was to state the meaning of the assistance and cooperation clause as it related to the facts of the case.
The declaratory judgment act provided ample procedural means for a determination of the factual issues by a jury[2] and a determination of the questions of law by the judge.
I conclude that the plaintiff had a right in the first instance to have a determination of its contractual obligations and immunities under the special procedure made available by F.S. 1965, Chapter 87, F.S.A. That the plaintiff might have secured a like determination under the counterclaim and reply does not convince me that the order dismissing the complaint for declaratory judgment relief was harmless error. Consequently, I would reverse that order as well as the summary judgment.
NOTES
[1] For a discussion of this question see American Fire and Casualty Company v. Collura, Fla.App. 1964, 163 So.2d 784, 788, 794.
[2] See F.S. 1965, Section 87.08, F.S.A. (now F.S. 1967, Section 86.071, F.S.A.) which provides for the use of a jury to determine factual issues in declaratory judgment suits.