PER CURIAM.
Appellants filed a complaint seeking a declaratory judgment as to the validity of certain restrictions on the use of their property. The restrictions in question limited the use of the property to residential purposes. The complaint in effect alleged that there had been such a change of circumstances since the restrictions were placed upon the property that it would be inequitable to enforce the restrictions.
The trial court held that the complaint raised purely factual disputes which were unrelated to the construction of the restrictions and that the restrictions were clear and unambiguous. Thereupon the court dismissed the complaint with prejudice for failure to state a cause of action under the Declaratory Judgments Act.
Appellants appeal, relying upon Sinclair Refining Co. v. Watson, Fla.1953, 65 So.2d 732 and Batman v. Creighton, Fla.App.2d, 1958, 101 So.2d 587. The appellees have not given us the benefit of their position as they have filed no appearance in this appeal.
In Sinclair, supra, in an action for a declaratory decree, the trial court referred the cause to a special master for the purpose of taking testimony on the question of “ ‘whether or not there is any logical or reasonable basis or opportunity for the use of the corner lot in question as a public highway, or public street or public sidewalk.’ ” On the basis of the special master’s findings, the lower court entered a decree declaring the restrictive covenant to be void and unenforceable. On appeal the Supreme Court reversed and stated the question before them “is whether there has been such a change of circumstances as would make it inequitable to enforce the restrictive covenant.”
*141 In Batman, supra, the trial court dismissed a complaint for a declaratory decree which asked to have certain restrictive covenants held inoperative. After taking testimony and making findings of fact, the trial court dismissed the complaint. In affirming the trial court, this court stated:
“We take this case on appeal after the chancellor had heard all the evidence, determined the weight thereof, had observed the witnesses and determined the credibility of them and, therefore, was in a better position than this court to determine the questions of fact therein presented. We cannot say from the showing made that his decision was erroneous.” (Emphasis supplied)
We note that the Declaratory Judgments Act itself contains a provision for the determination of issues of fact and provides that the trial court may direct their submission to a jury. Fla.Stat. § 86.071 (1973).
The procedure followed in Sinclair and Batman makes sense. There is a justicia-ble dispute between the parties which can best be resolved through the procedure of seeking declaratory relief. If the appellants are denied their right to have the issues determined in this manner, they may be forced into the position of affirmatively violating the restrictions so as to provoke a suit against them which would provide a forum for adjudication of the matter. ■
The problem lies in a long line of decisions which unmistakably hold that where there is no doubt as to the meaning of a written instrument and the only issue is one of fact with respect to whether the parties fall within the terms of the instrument, a declaratory judgment cannot be maintained. See e. g., Travelers Indemnity Company v. Johnson, Fla.1967, 201 So.2d 705; Columbia Casualty Co. v. Zimmerman, Fla.1952, 62 So.2d 338; New Amsterdam Cas. Co. v. Intercity Supply Corp., Fla.App.4th, 1968, 212 So.2d 110. In the face of these decisions, the trial court was eminently correct in dismissing the complaint. The propriety of using the declaratory judgment procedure was not passed upon in Sinclair and Batman. Hence, we have no alternative but to affirm.
Pursuant to the dictates of Hoffman v. Jones, Fla.1973, 280 So.2d 431, since we be-' lieve the usefulness of the Declaratory Judgments Act is being severely curtailed by the principle of the cited decisions, we have determined to certify this case to the Supreme Court as one passing upon a question of great public interest.
Affirmed.
HOBSON, A. C. J., and GRIMES and SCHEB, JJ., concur.