PER CURIAM.
The plaintiff below filed an appeal from an order of the circuit court of Dade County dismissing, for want of jurisdiction, his complaint against American Brands, Inc. for a declaratory judgment and other relief.
As appears from the record, one Francisco A. Fernandez, a resident of Cuba, died there on August 30, 1954. Among the assets owned by him at the time of his death were sixteen hundred shares of the common stock of American Tobacco Company, now American Brands, Inc. Probate of his will was undertaken in Cuba, but never completed. Some time after his death the said stock certificates were lost. According to the will of the decedent, the beneficiaries entitled to receive such assets were his widow Maria Cristina Acosta y Vaamonde, and Maria Cristina Fernandez y Acosta, his daughter, both of whom now reside in Venezuela. Dividends on the stock were paid by the company to the said beneficiaries, for a period of years. Since then, the company has been withholding the dividend payable on the stock, the amount thereof having reached approximately $23,000.00.
The plaintiff is the administrator de bonis non of the estate of said decedent, having been so appointed by the circuit court of Dade county in the ancillary administration proceeding in said estate which was filed in Dade county, Florida.
The complaint filed against American Brands, Inc. was in two counts. In the first count the plaintiff alleged his appointment as administrator; that American Brands, Inc. is a foreign corporation authorized to do business in Florida; the facts as stated above relating to sixteen hundred shares of stock of the defendant corporation; its refusal to pay dividends thereon; and prayed for an accounting by defendant as to the accrued dividends, and that the defendant be required to record a *363 transfer of the stock to the plaintiff as administrator.
In the second count, for declaratory judgment under Chapter 86, Fla.Stat., F.S. A., the plaintiff alleged the refusal of the defendant to pay dividends accrued on the Fernandez stock, and alleged a controversy had arisen as to the status of the ownership of the stock and dividends; and prayed for declaratory judgment with respect thereto, and for other relief which should be proper based thereon.
The defendant filed a motion entitled “Motion to Dismiss for Lack of Jurisdiction”. Therein it was stated that the defendant corporation was authorized to do business in Florida; that it was incorporated in the state of New Jersey, and that its principal place of business, and that of its transfer agent, were in the state of New York. The motion to dismiss presented as grounds the contentions that the property involved in the action was not in the state of Florida; that the plaintiff administrator did not have jurisdiction over any assets within this state; and that the court lacked jurisdiction.
In granting the motion to dismiss the court ordered as follows:
“That the Defendant’s Motion to Dismiss for Lack of Jurisdiction be and the same is hereby granted without prejudice to the Plaintiff’s right to bring this cause in any court of competent jurisdiction in the State of New York, where the Defendant and the Defendant’s transfer agent, MORGAN GUARANTY TRUST COMPANY, have their principal place of business.”
The appellant argues the order of dismissal was erroneous because the action was transitory and therefore was maintainable against the defendant foreign corporation authorized to do business in Florida. The appellee argues the dismissal should be sustained on the grounds set out in its motion to dismiss.
On consideration thereof we affirm the dismissal as to the first count of the complaint. That portion of the action was premature. The party or parties now owning the stock and entitled to the dividends thereon have not been judicially determined, and therefore the plaintiff in Count I has not shown a right to compel transfer of the stock and payment of the dividends to him or to require the defendant to account to him therefor. However, we modify the order of dismissal, as it relates to Count I, by eliminating therefrom the provisions of the above quoted order beyond the dismissal of Count I, which is made without prejudice.
We hold it was error to dismiss the Second Count, which sought a declaratory judgment. The defendant company, being authorized to do business in Florida, is subject to an action against it in this state for declaratory judgment.
In the Declaratory Judgment Act, Chapter 86, Fla.Stat., F.S.A., by § 86.011 it is provided: “No action or procedure is open to objection on the ground that a declaratory judgment is demanded,” and that the court may render declaratory judgments (affirmative or negative in form or effect) on the existence or nonexistence “(1) Of any immunity, power, privilege or right; or (2) Of any fact upon which the existence or nonexistence of such immunity, power, privilege or right does or may depend, whether such immunity, power, privilege or right now exists or will arise in the future. * * *
In § 86.021 it is provided that any person who is in doubt about his rights under a will (or other listed documents, articles or memoranda) or whose rights, status or other equitable or legal relations are affected by enumerated items including a will, “may have determined any question of construction or validity arising [thereunder], and obtain a declaration of rights, status or other equitable or legal relations thereunder”.
*364 Here there are manifest doubts and uncertainties exposed as to the rights and status of the parties with relation to the ownership and entitlement to dividends on the stock owned by the decedent, based on his will, and on the facts bearing thereon which have occurred subsequent to the death of the decedent. Among such, for example, are a necessity to determine and declare the party or parties to whom the defendant corporation should issue or reissue the stock and pay the dividends thereon (with proper safeguards to the corporation), whether that be the plaintiff as administrator, or the above named widow and daughter of the decedent (recognized by the corporation for a period of years as being entitled to receive the dividends); and whether the plaintiff administrator has the right to seek any ultimate relief which may be applicable based on such determination, or whether such relief may be sought as to such stock and dividends only by the determined heirs or distributees thereof under the will.
For the reasons stated, the order of dismissal as modified is affirmed as to Count I, and is reversed as to Count II; and the cause is remanded for further proceedings and declaratory judgment under Count II of the complaint.
It is so ordered.