335 So.2d 818 (1976)
Donald C. LAMBERT and Myrtle E. Lambert, His Wife, Petitioners,
v.
Jimmy E. JUSTUS and Janice F. Justus, His Wife, et al., Respondents.
No. 47608.
Supreme Court of Florida.
July 21, 1976.
*819 J. Michael Hayes, of Gregory, Cours, Paniello, Johnson & Hayes, Tampa, for petitioners.
Frank A. McClung, Brooksville, for respondents.
ROBERTS, Justice.
We have for review the decision of the District Court of Appeal, Second District, in Lambert et al. v. Justus et al., reported at 313 So.2d 140 (Fla.App. 2, 1975), certified to us as passing upon a matter of great public interest.
Briefly the facts which are succinctly stated in the decision of the District Court are as follows:
Appellants, Petitioners-herein, filed a complaint seeking declaratory judgment as to the validity of certain restrictions on the use of their property. The restrictions in question limited the use of the property to residential purposes. The complaint in effect alleged that there had been such a change of circumstances since the restrictions were placed upon the property that it would be inequitable to enforce the restrictions. The trial court held that the complaint raised purely factual disputes which were unrelated to the construction of the restrictions and that the restrictions were clear and unambiguous. Thereupon, the court dismissed the complaint with prejudice for failure to state a cause of action under the declaratory judgments act.
Petitioners appealed to the District Court and relied on Sinclair Refining Company v. Watson, 65 So.2d 732 (Fla. 1953), cert. den. 346 U.S. 872, 74 S.Ct. 121, 98 L.Ed. 381, and Batman v. Creighton, 101 So.2d 587 (Fla. App. 2, 1958), as basis for their declaratory judgment action.
Although recognizing that the procedure followed in Sinclair and Batman makes good sense, because, if petitioners are denied their right to have the issues determined through declaratory judgment relief, they may be forced into the position of affirmatively violating the restrictions so as to provoke a suit against them which would provide a forum for adjudication of this matter, the District Court of Appeal, Second District, affirmed the dismissal and opined:
"The problem lies in a long line of decisions which unmistakably hold that where there is no doubt as to the meaning of a written instrument and the only issue is one of fact with respect to whether the parties fall within the terms of the instrument, a declaratory judgment cannot be maintained. See, e.g., Travelers Indemnity Company v. Johnson, Fla. 1967, 201 So.2d 705; Columbia Casualty Co. v. Zimmerman, Fla. 1952, 62 So.2d 338; New Amsterdam Cas. Co. v. Intercity Supply Corp., Fla.App. 4th, 1968, 212 So.2d 110. In the face of these decisions, the trial court was eminently correct in dismissing the complaint. The propriety of using the declaratory judgment procedure was not passed upon in Sinclair and Batman. Hence, we have no alternative but to affirm."
Section 86.021, Florida Statutes, provides:
"Power to construe, etc. Any person claiming to be interested or who may be in doubt about his rights under a deed, will, contract or other article, memorandum, or instrument in writing or whose rights, status, or other equitable or legal relations are affected by a statute, or any regulation made under statutory authority, or by municipal ordinance, contract, deed, will, franchise, or other article, memorandum or instrument in writing may have determined any question of construction or validity arising under such statute, regulation, municipal ordinance, *820 contract, deed, will, franchise, or other article, memorandum or instrument in writing, or any part thereof, and obtain a declaration of rights, status or other equitable or legal relations thereunder."
and Section 86.011, Florida Statutes, provides:
"Jurisdiction of circuit court. The circuit courts have jurisdiction to declare rights, status and other equitable or legal relations whether or not further relief is or could be claimed. No action or procedure is open to objection on the ground that a declaratory judgment is demanded. The court's declaration may be either affirmative or negative in form and effect and such declaration has the force and effect of a final judgment. The court may render declaratory judgments on the existence, or nonexistence:
(1) Of any immunity, power, privilege or right; or
(2) Of any fact upon which the existence or nonexistence of such immunity, power, privilege or right does or may depend, whether such immunity, power, privilege or right now exists or will arise in the future. Any person seeking a declaratory judgment may also demand additional, alternative, coercive, subsequent or supplemental relief in the same action."
Florida Declaratory Judgments Act which by its express language is to be liberally administered and construed states its purpose to be "to settle and to afford relief from insecurity and uncertainty with respect to rights, status and other equitable and legal relations."
Ready v. Safeway Rock Co., 157 Fla. 27, 24 So.2d 808 (1946), involved the question of whether or not the facts stated were such as to authorize a declaratory decree adjudicating the rights, status, and other equitable or legal relations of a complainant under a certain lease. Therein, Justice Terrell explicated in great detail the purpose of the Declaratory Judgment Act (formerly Chapter 87, Florida Statutes, referred to as the Uniform Declaratory Judgment Act) and the test to activate jurisdiction thereunder, as follows:
"The test to activate jurisdiction under the instant act is whether or not the moving party shows that he is in doubt as to the existence or nonexistence of some right, status, immunity, power or privilege that he is entitled to have such doubt removed and if shown to be existent, seek such relief as the circumstances warrant. He may pray for `additional, alternative, coercive, subsequent or supplemental relief'."
By its complaint for declaratory decree, petitioners sought a construction of certain restrictions on their property and a declaration that these restrictions are invalid and unenforceable.
This Court in Sinclair Refining Company v. Watson, supra, considered the validity and enforceability of a similar restrictive covenant in review of a declaratory judgment action which had been brought by a purchaser of certain property to have a covenant restricting the use of the subject property solely for street, highway, or sidewalk purposes, declared invalid in light of change of circumstances. This Court determined that the only question involved was whether there had been such a change of circumstances as would make it inequitable to enforce the restrictive covenant, and concluded that there was no such change of circumstances as would make it inequitable to enforce the covenant.
Batman v. Creighton, supra, also involved a suit for declaratory judgment seeking to have declared certain restrictive covenants invalid on the ground that conditions had sufficiently changed. The trial court dismissed the complaint after making a complete determination of facts and concluding that there was no such change of circumstances as to warrant removal of restrictions. The District Court of Appeal, Second District, affirmed.
Petitioners urge that the propriety of maintaining a declaratory judgment action to contest the validity or enforceability of a *821 restriction where there has been a change of circumstances  a change of character in the neighborhood was implicitly recognized by this Court in Sinclair, supra, and the District Court of Appeal, Second District, in Batman. We agree.
The three decisions cited by the District Court to support its position that the declaratory judgment action could not be maintained, i.e. Travelers Indemnity Company v. Johnson, Columbia Casualty Co. v. Zimmerman, and New Amsterdam Cas. Co. v. Intercity Supply Corp., are distinguishable from the instant cause. Each dealt with actions for declaratory decree brought by insurance companies seeking only a judicial determination of disputed facts, unrelated to the construction or validity of the insurance contracts. The sole question sought to be determined in Zimmerman, supra, was whether or not Mary Yates was driving the automobile with the knowledge and consent of the owners, or either of them. The insurer, Travelers, in Johnson, supra, sought declaratory action to determine only the sufficiency or insufficiency of notice as required by the policy. By declaratory judgment action the insurer in Intercity Supply Corp., supra, sought to have determined only whether the conduct of defendant met the requirements of the assistance and cooperation provision of the insurance policy.
Petitioners posit that if there has been a change of circumstances as they allege as would make it inequitable to enforce the restrictions, then the construction and validity of said restrictions are very definitely in question and a Declaratory Judgment action is available as a remedy to petitioners.
Relative to prerequisites to the maintenance of a declaratory judgment action, in May v. Holley, 59 So.2d 636 (Fla. 1952), this Court opined:
"Before any proceeding for declaratory relief should be entertained it should be clearly made to appear that there is a bona fide, actual, present practical need for the declaration; that the declaration should deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts; that some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts; that there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; that the antagonistic and adverse interest are all before the court by proper process or class representation and that the relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity. These elements are necessary in order to maintain the status of the proceeding as being judicial in nature and therefore within the constitutional powers of the courts.
"With these requirements met there is almost no limit to the number and type of cases that may be heard under this statute. Of course, the court should never lose sight of the right to jury trials in those cases not strictly equitable in nature."
Under the particular circumstances alleged, we find that a declaratory judgment action was an appropriate and available remedy to the petitioners. It was conceded at the bar of the Court that all interested persons were parties to the litigation.
Accordingly, we find that the declaratory judgment procedure was an appropriate and available remedy to petitioners under the facts of this case. The decision of the District Court of Appeal, Second District, is quashed and the cause is remanded for further proceedings not inconsistent herewith.
It is so ordered.
OVERTON, C.J., and BOYD, ENGLAND and DREW (Retired), JJ., concur.