VANN, HAROLD R. (Retired), Associate Judge.
We are called upon in this appeal to review a summary judgment dismissing a corporate counterdefendant from a counterclaim seeking declaratory relief. Based upon a holding that, under the present state of the pleadings, the dismissed corporation is properly amenable to suit under Chapter 86 of the Florida Statutes (Declaratory Judgments) and that the counterplaintiff may discover the sources of funds contained in a certain “drawing account” to the extent of the applicable provisions of Chapter 95 of the Florida Statutes (Limitation of Actions), we reverse the appealed judgment and reinstate the corporation as a counter-defendant.
Fifty percent of the stock of the counter-defendant corporation, Howard W. Backus Towing, Inc., was owned by Howard W. Backus himself (now deceased); the other fifty percent was owned by his son, Fred W. Backus (plaintiff-counterdefendant below and nominal appellee herein). Pursuant to a November, 1966, Stock Purchase Agreement between Howard and Fred Backus, Fred purchased Howard’s, stock for $100,-000, with payments to be made in $700 monthly installments, in consideration for which Howard was to be retained, for as long as he wished, as the Corporation’s board chairman at $6,000 per annum. Payments under the agreement were to terminate upon Howard’s death. (The Corporation was not a party to this agreement, nor a party to certain inter-family real property transactions that took place at the same time.)
In September, 1978, Howard died intestate and in May, 1979, Fred filed an action against Howard’s widow, Mary Louise Backus (the counterclaimant below and appellant herein) for the quieting of title on the inter-family property, for a declaration of his (Fred’s) rights as owner of the Corporation and for a determination of his rights under a quit — claim deed. Defendant Mary Louise Backus answered and counterclaimed (individually and as personal representative of the estate of Howard W. Backus), naming the Corporation.as an additional counterdefendant, and seeking a declaration of her rights to certain quit-claim deeds, as well as her rights under the Stock Purchase Agreement between Howard and Fred. A motion by Fred and the Corporation to dismiss the counterclaim was denied, an answer and affirmative defenses were then filed and Fred was deposed. At Fred’s deposition, certain questions concerning financial aspects of the Corporation were certified to the court. However, germane to this appeal, Fred did admit that there was an amount owing on Howard’s “drawing account” under the Agreement and that Howard’s $6,000 annual salary was paid by “the Company.” Fred was granted a pro *380 tective order on November 15, 1979, limiting discovery on the Agreement to five years preceding Howard’s death (pursuant to the applicable statute of limitations). Both Mary and the Corporation moved for summary judgments. A hearing was held on both motions, resulting in a denial of Mary’s motion and the granting of the Corporation’s motion, thereby dismissing the Corporation from the counterclaim, with prejudice. This appeal followed.
The Corporation argues and would have us hold that because it is not a party to the agreement between Fred and Howard, because Mary’s counterclaim simply seeks the salary owed to Howard under the Agreement and because the obligation to pay Howard’s salary falls exclusively upon Fred (and not the Corporation), accordingly, the trial court properly dismissed the corporation from the counterclaim. The Corporation also argues that under any circumstances Section 95.11, Florida Statutes (1977), and the case law interpreting it, limit any action against the Corporation to five years preceding Howard’s death and, therefore, that Mary, as counterclaimant, may not defeat a protective order to that effect by pursuing discovery concerning Howard’s drawing account. We cannot fully adopt such a holding and we hereby reverse the appealed summary judgment.
Initially, we would note that the subject counterclaim sounds in declaratory relief pursuant to Chapter 86 of the Florida Statutes (Declaratory Judgments), a statute which we are compelled to construe liberally. See § 86.101, Fla.Stat. (1977), and Lambert v. Justus, 335 So.2d 818 (Fla.1976). We also would note that the order appealed from is a summary judgment, which requires a showing of a genuine issue of material fact in order to mandate a reversal. See Hulley v. Cape Kennedy Leasing Corp., 376 So.2d 884 (Fla. 5th DCA 1979); and Clark v. City of Atlantic Beach, 124 So.2d 305 (Fla. 1st DCA 1960). Finally, we would note that in analyzing the counterclaim, we have given special attention to its specific prayers in light of the purposes and principles of law applicable to declaratory actions generally. Pursuant to such review we hold that Mary has a proper cause of action against the corporation under the present state of the pleadings and that the evidence elicited in the deposition of Fred, the Corporation’s principal officer and stockholder, establishes an ample predicate for further discovery into Howard’s drawing account to the full extent of the applicable statute of limitations and for leave to make any necessary amendments to the counterclaim.
The fact that the Corporation is not a party to the subject agreement is not determinative of its susceptibility to respond to a declaratory action. See § 86.021, Fla.Stat. (1977), and Government Employees Insurance Co. v. Anta, 379 So.2d 1038 (Fla. 3d DCA 1980). The pleadings demonstrate that Mary clearly “... is in doubt about [her] rights under [the Agreement] ...” so that she may properly seek a determination of whether her “... rights, status, or other equitable or legal relations are affected by [the Agreement].” § 86.021, Fla.Stat. (1977). Further, as the personal representative of the estate of Howard, Mary may also seek declaratory relief under Section 86.041(1) & (3), Florida Statutes (1977), “... (1) To ascertain any class of creditors, devisees, legatees, heirs, next of kin, or others; or ... (3) To determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings.” The Corporation is, therefore, a proper party to the counterclaim. See Lambert v. Justus, 335 So.2d 818 (Fla.1976); and May v. Holley, 59 So.2d 636 (Fla.1952).
The Corporation relies upon Section 95.11, Florida Statutes (1977),[1] for the proposition *381 that, at most, Mary is limited in her discovery of the payment of Howard’s salary to a period not exceeding five years prior to. Howard’s death. On the other hand, Mary argues that in determining the propriety of her counterclaim, the question is not whether she will succeed in obtaining a declaration of her rights pursuant to her prayer, but whether she is entitled to a declaration of her rights at all. See Hildebrandt v. Department of Natural Resources, 313 So.2d 73 (Fla. 3d DCA 1975). We note that although there is no extensive Florida case law in such matters, nonetheless, the law that does exist appears to suggest that lach-es should not attach in declaratory actions in those instances where there has been no showing of injury as a result of the delay. See Wiggins v. Lykes Bros., Inc., 97 So.2d 273 (Fla.1957); and Goldstein v. Sweeny, 42 So.2d 367 (Fla.1949); and cf. Board of Public Instruction v. Little River Valley Drainage District, 119 So.2d 323 (Fla. 3d DCA 1960).
Therefore, we hold that the trial court erred in dismissing, with prejudice, the corporate counterdefendant solely on the basis that the Corporation had shown full payment of Howard’s salary for the five year period preceding his death. The prayer of the counterclaim and the disclosures gathered from Fred’s disposition leave genuine issues of material fact in the balance, for which leave to amend should forthwith be granted. We further hold that to the extent necessary to declare those rights about which Mary is in doubt with regard to the sources of funds in Howard’s drawing account, discovery should be permitted, at least to the extent of the five year period preceding Howard’s death, or to any greater extent determined by the trial court to be applicable under Section 95.11, Florida Statutes (1977).
Accordingly, we reverse and remand this cause for further proceedings consistent with these holdings.

. “95.11 Limitations other than for the recovery of real property. — Actions Other than for recovery of real property shall be commenced as follows:

(2) WITHIN FIVE YEARS.-
$ $ * $ * *
(b) A legal or equitable action on a contract, obligation, or liability founded on a written instrument.

*381 (6) LACHES.-Laches shall bar any action unless it is commenced within the time provided for legal actions concerning the same subject matter regardless of lack of knowledge by the person sought to be held liable that the person alleging liability would assert his rights and whether the person sought to be held liable is injured or prejudiced by the delay. This subsection shall not affect application of laches at an earlier time in accordance with law.”