526 So.2d 702 (1988)
WOLF SANITARY WIPING CLOTH, INC., et al., Appellants,
v.
Tina WOLF, As Personal Representative of Edward Wolf, Appellee.
No. 87-202.
District Court of Appeal of Florida, Third District.
May 10, 1988.
Motions for Clarification and Rehearing Granted in Part and Denied in Part June 30, 1988.
*703 Arthur Braverman, Hollywood, Daniels & Hicks, P.A., and Sam Daniels, Miami, for appellants.
Levin & Fisherman, P.A., and Stanton G. Levin and Douglas Stein, Miami, for appellee.
Before HENDRY, NESBITT and JORGENSON, JJ.
JORGENSON, Judge.
At the time of his death in 1983, Edward Wolf owned five hundred shares of Wolf Sanitary Wiping Cloth, Inc., a family-owned Michigan corporation. The decedent's shares were subject to a stock repurchase agreement executed in 1966 in Michigan by the corporation.[1] Wolf's estate was probated in Dade County. The personal representative brought an action for declaratory relief under the Declaratory Judgment Act, chapter 86, Florida Statutes (1985),[2] in which she asked the court to construe the rights of the estate under the terms of the repurchase agreement. According to the personal representative's amended complaint, the correct buyback price of the estate's shares of stock depended upon a determination of the corporation's book value which was to include:
(i) the real property upon which the corporation conducts its business and the improvements thereupon, both of which the corporation presently holds title to;
(ii) the proceeds of life insurance upon the decedent's life; and
(iii) causes of action against present and past officers and directors of the corporation for misfeasance, malfeasance and usurpation of corporate opportunities.
Copies of the amended complaint were sent to the Michigan corporation by certified mail pursuant to section 731.301(1), Florida Statutes (1985).[3] The corporation moved to *704 dismiss the complaint, contending that the court lacked both in rem and in personam jurisdiction. The probate court denied the motion. After a bench trial, the court issued an order increasing the book value from $591,000 to $1,385,990 and determining that the estate should receive $585,750 upon delivery of the shares to the corporation. We reverse upon a finding that, because a stockholder's derivative suit cannot be brought through a declaratory action, it necessarily follows that such a suit cannot be brought through a declaratory action in a probate proceeding.[4]
A personal representative may invoke the jurisdiction of the court to resolve judicial questions about an estate or its administration, section 733.603, Florida Statutes (1985), and may maintain an action to determine title to or recover possession of property, section 733.607, Florida Statutes (1985). Section 86.041 specifically permits a declaratory action to be brought by a personal representative in a probate proceeding. Indeed, the provisions of chapter 86 are to be construed liberally, Lambert v. Justus, 335 So.2d 818 (Fla. 1976), in order to avoid multiple suits and to provide an expedient remedy for litigants in a single action. Trafalgar Developers, Ltd. v. Morley, 305 So.2d 274 (Fla. 3d DCA 1974), cert. denied, 317 So.2d 443 (Fla. 1975).
We have approved the use of a declaratory action by a personal representative where the nature of the complaint supported such an action. In Backus v. Howard W. Backus Towing, Inc., 391 So.2d 378 (Fla. 3d DCA 1980), the widow of the corporation's board chairman brought an action in her capacity as personal representative. She sought a declaration of her rights under sections 86.041(1) and (3), Florida Statutes (1977), to certain quitclaim deeds, as well as her rights under a stock purchase agreement between her late husband and his son, each of whom owned fifty percent of the corporation. The fact that the corporation was not a party to the subject agreement did not insulate it from a declaratory action. Id. at 380. There is no indication, however, that the towing company was other than a Florida corporation. We held that the corporation was amenable to suit under chapter 86. Similarly, in Klein v. American Brands, Inc., 331 So.2d 361 (Fla. 3d DCA 1976), this court upheld the right of an administrator de bonis non of an estate to maintain a declaratory judgment action against a foreign corporation authorized to do business in Florida. Id. at 363. The administrator had sought a declaration of rights as to the ownership of and entitlement to dividends from a large number of shares of American Tobacco stock owned by the decedent.
The character or form of action brought by a personal representative is to be determined, as a general rule, from the essential allegations of the complaint. 34 C.J.S. Executors and Administrators § 705 (1942). Unlike the relief sought in Backus and Klein, the gravamen of the complaint in the case now before us is that the pershare price of the estate's stock must be increased beyond that contemplated in the repurchase agreement, because the book value of the stock has shrunk due to the alleged misconduct of the corporate officers. The rule stated by the supreme court in Bergh v. Canadian Universal Ins. Co., 216 So.2d 436 (Fla. 1968), is that a declaratory judgment action will not lie when judicial determinations involve factual questions and issues and not contract interpretations or construction. Applying the rule *705 to the facts of this case, it is clear that no question exists concerning title, ownership, possession, or rights attendant to the stock. The parties all agree that the estate owned the stock upon Edward Wolf's death and that the shares are subject to a repurchase agreement executed by the corporation. Testimony adduced at trial, however, centered on the factual issue of corporate mismanagement and its impact on book value. The use of declaratory proceedings is not available where the object is to try disputed questions of fact as the determinative issue rather than to seek a construction of definite stated rights, status, or other relations. Smith v. Milwaukee Ins. Co., 197 So.2d 548 (Fla. 4th DCA), cert. dismissed, 204 So.2d 332 (Fla. 1967).
Even if a chapter 86 proceeding were appropriate, the trial court lacked the necessary in personam jurisdiction. The issue here is the amount of money owed by Wolf Sanitary Wiping Cloth, Inc., for the estate's five hundred shares of stock. The resolution of the issue depends upon the existence of in personam jurisdiction to determine whether and to what extent misconduct by corporate officers has adversely affected the book value. Neither party suggests that Wolf Sanitary Wiping Cloth, Inc., is other than a foreign corporation. There is no allegation that the corporation is authorized to do business in Florida or that the corporation has any contact with the state beyond the fact that Edward Wolf, a resident of Florida, died in Florida possessed of shares in the Michigan corporation. The exercise of jurisdiction by a Florida court over a foreign corporation not authorized to conduct business in Florida is restricted to instances which do not offend fourteenth amendment due process considerations. Manus v. Manus, 193 So.2d 236 (Fla. 4th DCA 1966). "Service by publication, even when it is accompanied by certified mail addressed to defendant's correct out-of-state address (and actually received there by defendant) is not enough to confer in personam jurisdiction over a non-resident corporation." Bedford Computer Corp. v. Graphic Press, Inc., 484 So.2d 1225, 1227 (Fla. 1986). Although Bedford involved service rendered under section 49.021, Florida Statutes (1985), there is no reason why a different result should obtain in the context of section 731.301(1). See also Brown v. Blake, 212 So.2d 47 (Fla. 1st DCA 1968) (action in Florida by resident stockholder of closely held Florida corporation against nonresident stockholder concerning agreements entered into in Florida affecting majority ownership was held to be quasi in rem proceeding which could rest on constructive service of process upon nonresident defendant stockholder).
The personal representative's assertion that the corporation is an "interested person" and thus subject to formal notice under section 731.301(1) is without merit. The term "interested person" is to be construed with respect to the particular nature of the controversy that gives rise to the proceeding.[5] Here, the controversy centers on the effect that the alleged misconduct of corporate officers may have had on the book value of corporate shares. The corporation qua corporation is not an "interested person" within the meaning of section 731.201(21). Section 731.301(1) does not provide a shorthand method of subjecting all potential litigants to the jurisdiction of the probate court. The section vests in the probate court in rem jurisdiction to determine who shall inherit that which a decedent owned at the time of his death, that is, who has an interest in the decedent's estate. The "jurisdiction over the person" adverted to in section 731.301(1)(d) extends to heirs and legatees who succeed to the property formerly owned by the decedent *706 or as the term is employed in section 731.301(1). See Maceda v. Duhig, 474 So.2d 292 (Fla. 3d DCA 1985) (custodians of minor children have an interest in settlement agreement between personal representative and mortgage holder but are not interested persons for the purpose of participating in litigation); Blatt v. Green, Rose, Kahn & Piotrkowski, 456 So.2d 949 (Fla. 3d DCA 1984) (beneficiaries of an estate are "interested persons"); In re Estate of Ballett, 426 So.2d 1196 (Fla. 4th DCA 1983) (statute which defined an interested person objecting to probate as any person who may reasonably be expected to be affected by the outcome of the particular proceeding included heirs at law and devisees unless they had received their distribution).
We are cognizant of the duty placed on a personal representative to settle and distribute a decedent's estate in an expeditious and efficient manner, consistent with the best interests of the estate. § 733.602(1), Fla. Stat. (1985). The Florida supreme court made clear in Galatis v. Plasman, 80 So.2d 918 (Fla. 1954), that a son acting as administrator of his deceased mother's estate had a duty to secure possession promptly of an amount owed the estate by a former corporation. This duty to marshal estate assets with dispatch, however, does not empower a personal representative to enforce contract rights against a foreign corporation where jurisdiction has not been obtained. The personal representative in the instant case attempted to obtain a determination of rights pursuant to a Michigan contract executed in Michigan by a Michigan corporation. In substance, the personal representative attempted a stockholders' derivative action through the vehicle of a declaratory judgment action in a probate proceeding.[6] We hold that chapter 86 was not intended to encompass such an action. See First Nat'l. Bank in Palm Beach v. Underwood, 499 So.2d 60 (Fla. 4th DCA 1986). Moreover, "[a] stockholder's representative suit cannot be maintained in a court which is without power to subject the corporation to its jurisdiction; and such a suit involving the internal affairs of the corporation ... usually should be brought in the state under the laws of which the corporation was organized and exists." 18 C.J.S. Corporations § 568 (1939). See also Jacobs v. Adams, 601 F.2d 176 (5th Cir.1979) (New York executors of decedent domiciled in New York empowered to bring shareholder's derivative action in federal district court in Florida, the state where the corporation was incorporated).
In setting the redemption price of the stock in its declaratory judgment, the probate court established personal liabilities of the officers and directors of the Michigan corporation. Because the probate court was without jurisdiction to make such a determination, we reverse. We make no determination of the merits in the controversy over the corporation's book value as it impacts the value of the estate's shares. Our reversal is without prejudice to the personal representative to establish, if she can, jurisdiction over Wolf Sanitary Wiping Cloth, Inc., in Florida. Otherwise, because we have not determined the merits of the controversy, the personal representative is free to bring a cause of action in Michigan.
Accordingly, the order under review is reversed.
HENDRY, J., concurs.
NESBITT, Judge (specially concurring):
I concur in the reversal of the judgment under review. Since the Michigan corporation had no interest in the estate "res," it was not an "interested party" as contemplated by section 731.201(21), Florida Statutes (1985) and had no rights to be subjected to the jurisdiction of the probate court *707 by the filing of a petition and issuance of the notice process contemplated by section 731.301(1), Florida Statutes (1985). In short, in personam jurisdiction here over the Michigan corporation failed due to defective process arising from the petitioner's complete inability to demonstrate the Michigan corporation's status as an interested party.
NOTES
[1] The Modification of Buy-Sell Agreement entered into in 1966 by the decedent and the corporate officers provides as follows:

We the undersigned do hereby certify that the value of each share of the capital stock of Wolf Sanitary Wiping Cloth Co., Inc., a Michigan Corporation as of October 31, 1965 is One Hundred Fifty ($150.00) Dollars per share and until a new Certificate of Value is duly executed by all the parties hereto, the within Certificate of Value shall remain in full force and effect, plus or minus any difference in the book value per share from and after November 1, 1965 or other last certificate hereafter executed, to the date of death or date of sale as the case may be.
[2] Section 86.011, Florida Statutes (1985), provides:

86.011 Jurisdiction of circuit court.  The circuit courts have jurisdiction to declare rights, status, and other equitable or legal relations whether or not further relief is or could be claimed. No action or procedure is open to objection on the ground that a declaratory judgment is demanded. The court's declaration may be either affirmative or negative in form and effect and such declaration has the force and effect of a final judgment. The court may render declaratory judgments on the existence, or nonexistence:
(1) Of any immunity, power, privilege, or right; or
(2) Of any fact upon which the existence or nonexistence of such immunity, power, privilege, or right does or may depend, whether such immunity, power, privilege, or right now exists or will arise in the future. Any person seeking a declaratory judgment may also demand additional, alternative, coercive, subsequent, or supplemental relief in the same action.
§ 86.011, Fla. Stat. (1985).
Section 86.041 is set forth as follows:
86.041 Actions by executors, administrators, trustees, etc.  Any person interested as or through an executor, administrator, trustee, guardian, or other fiduciary, creditor, devisee, legatee, heir, next of kin, or cestui que trust, in the administration of a trust, or of the estate of a decedent, an infant, lunatic, or insolvent, may have a declaration of rights or equitable or legal relations in respect thereto:
(1) To ascertain any class of creditors, devisees, legatees, heirs, next of kin, or others; or
(2) To direct the executor, administrator, or trustee to refrain from doing any particular act in his fiduciary capacity; or
(3) To determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings.
§ 86.041, Fla. Stat. (1985).
[3] The statute provides in pertinent part:

731.301 Notice; method and time; proof. 
(1) FORMAL NOTICE. 
(a) When formal notice of a petition or other proceeding is required, the petitioner shall serve a copy of the petition to any interested person or his attorney, if he has appeared by attorney or requested that notice be sent to his attorney. The petition shall be served:
1. By any form of mail requiring a signed receipt, as follows:
.....
d. On a corporation, by mailing a copy to the corporation at its last known address[.]
.....
(d) Formal notice shall be sufficient to acquire jurisdiction over the person receiving formal notice to the extent of the person's interest in the estate.
§ 731.301, Fla. Stat. (1985).
[4] The nonavailability of a declaratory action, although not assigned as error on appeal, constitutes a fundamental error of which this court may take notice. Smith v. Milwaukee Ins. Co., 197 So.2d 548 (Fla. 4th DCA), cert. dismissed, 204 So.2d 332 (Fla. 1967).
[5] The Florida Probate Code defines an "interested person" as follows:

"Interested person" means any person who may reasonably be expected to be affected by the outcome of the particular proceeding involved. In any proceeding affecting the estate or the rights of a beneficiary in the estate, the personal representative of the estate shall be deemed to be an interested person. The term does not include an heir at law or a devisee who has received his distribution. The meaning, as it relates to particular persons, may vary from time to time and must be determined according to the particular purpose of, and matter involved in, any proceedings.
§ 731.201(21), Fla. Stat. (1985).
[6] Testimony adduced at trial concerned corporate mismanagement including unauthorized disbursements from the corporation's petty cash, hidden and unreported inventories, non-business travel and entertainment expenses incurred by the corporation, conversion of monies by corporate officers, misappropriation of insurance refunds, and benefits paid to non-corporate employees. The trial court overruled the corporation's objection that mismanagement claims would have to be brought in a shareholder's derivative action or by the corporation itself.