PER CURIAM.
Stanley Caidin appeals from a final judgment of the trial court which denied his claims for declaratory relief, granted a counterclaim for damages in favor of the appellee Estate of Phillip Zipes, and awarded the Estate $2,000 plus interest and costs. We reverse.
*789 Caidin was formerly the attorney for Phillip Zipes. When Zipes died, Caidin submitted a claim against the Estate for attorney's fees. The claim was settled and the parties exchanged releases, though the release supplied to Caidin had the signature of only one of the two co-personal representatives. As part of the settlement, the Estate agreed to waive any claim of conflict of interest in Caidin’s representation of Zipes’ former partner, Octaviano, in a claim against the Estate.
At some point, a new attorney became counsel for the personal representatives. Caidin, who was concerned about the validity of a release with only one signature, wrote to the attorney, advised him of the agreement allowing the representation of Octaviano and asked if there would be an objection. The attorney responded by letting it be known on two occasions, once through his secretary to Caidin personally and once in a judicial hearing, that he believed Caidin to have a clear conflict of interest and that he was about to refer Caidin to The Florida Bar for discipline.
Caidin, who by this time had undertaken the representation of Octaviano, needed confirmation that the agreement, including the waiver of conflict of interest, was effective. When the Estate would not provide these assurances, Caidin filed a declaratory judgment action to ascertain his rights under the settlement agreement.
While in its answer the Estate conceded that it had consented to Caidin’s representation of Octaviano, it counterclaimed for damages on the theory that since the purpose of the release was to “buy peace,” Caidin breached the release by filing the declaratory judgment action. The trial court agreed and assessed as damages the amount of attorney’s fees the court concluded were incurred by the Estate in defending the declaratory judgment action.
The Estate defends the ruling of the trial court by pointing out that no motion for disqualification was ever filed against Caid-in, nor was there any attempt on the part of the Estate to abrogate the agreement, and finally, the release clearly stated that the Estate waived any right it may have had to claim a conflict of interest.
The right to use the declaratory judgment statute, section 86.011, Florida Statutes (1987), depends upon whether Caidin can show that he is in doubt as to the existence or nonexistence of a right, status, immunity, power or privilege and that he is entitled to have such doubt removed. Rosenhouse v. 1950 Spring Term Grand Jury, 66 So.2d 445, 447 (Fla.1952). “The mere fact that the contract is clear and unambiguous on its face does not prevent one from seeking a declaration of his rights under such contract where there exist extrinsic facts which would affect the clear and unambiguous language of the written agreement.” Bacon v. Crespi, 141 So.2d 823, 825 (Fla.3d DCA 1962); accord Berkowitz v. Firestone, 173 So.2d 161 (Fla.3d DCA 1965).
The fact that the release contained only one signature instead of two, as required by section 733.615, Florida Statutes (1987), and the undisputed testimony of the threats by the Estate’s counsel to take the precise action that the release purported to preclude, were sufficient to raise a question of Caidin’s rights under the release. At the time Caidin filed the declaratory judgment action he had good grounds to do so. We conclude that Caidin was entitled to a declaratory judgment in his favor, and that the trial court erred in entering judgment against him on the declaratory judgment count.
It was therefore also error for the trial court to award attorney’s fees to the Estate, whether as damages for breach of the release or as a penalty for a frivolous lawsuit under section 57.105, Florida Statutes (1987). Caidin’s exercise of his legitimate right to a declaratory judgment did not constitute a breach of the release. Similarly, the fact that Caidin had a real and concrete doubt as to his rights under the release precludes the application of section 57.105, Florida Statutes, as the basis of the award for attorney’s fees.
Reversed.