JORGENSON, Judge,
dissenting.
Notwithstanding Judge Fletcher’s comprehensive analysis of the issues in this case, I adhere to this court’s decision in Wolf Sanitary Wiping Cloth, Inc. v. Wolf, 526 So.2d 702 (Fla. 3d DCA 1988). The holding of that case was not mere dicta, as characterized by the court today, but was, in my view, a correct statement of the law. A stockholder’s derivative suit cannot be brought through a declaratory action, as Chapter 86, Florida Statutes, was not intended to encompass such an action. Id. at 704.
A derivative action is one in which a shareholder “seeks to sustain in his own name a right of action existing in the corporation.” James Talcott, Inc. v. McDowell, 148 So.2d 36, 37 (Fla. 3d DCA 1962). “The corporation is the real party in interest, the stockholder being only a nominal plaintiff.” Id. In such an action, an “essential allegation of the complaint must be the act whereby the corporation was caused to suffer damage.” Maronek v. Atlantis Hotel, Inc., 148 So.2d 721, 721 (Fla. 3d DCA 1963).
*376 On the other hand, the purpose of a Chapter 86 declaratory action is to “afford parties relief from insecurity and uncertainty with respect to rights, status, and other equitable or legal relations.” Santa Rosa County v. Administration Comm’n, 661 So.2d 1190, 1192 (Fla.1995). Standing to seek such relief must rest upon a showing that the plaintiff is in doubt as to the existence or non-existence of a right, status, immunity, power, or privilege and that the plaintiff is entitled to have such doubt removed. Caidin v. Lakow, 546 So.2d 788, 789 (Fla. 3d DCA 1989). That litigant must have such a present and substantial interest in the action as to be directly affected by the declaration sought. See Reibel v. Rolling Green Condo. A, Inc., 311 So.2d 156, 158 (Fla. 3d DCA 1975).
The two forms of action are incompatible, as a derivative action — one NOT brought on the plaintiffs own behalf, and alleging an injury that is NOT the plaintiffs own — cannot also take on the mantle of a derivative suit that requires a showing that the plaintiff has a personal stake and actual interest in the outcome of the litigation.
I would adhere to the holding in Wolf.